## DAVIS *v.* INDIANA.

1. The Supreme Court of Indiana having decided in this case that the moneys arising from section 16 in each congressional township of that State, all of which are to be paid into the county treasury by the school trustee, form a part of the school fund which the county auditor is required to distribute to the various townships in the county, and that, in so doing, he is bound by the proviso in the act of March 4, 1855, "that in no case shall the congressional township fund be diminished by such distribution, and diverted to any other township," this court affirms the decision.

2. This court adheres to the ruling in *Springfield Township* v. *Quick*, 22 How. 56, that the right of the inhabitants of the several congressional townships in that State to such moneys for the use of schools in the township where section 16 lies is sufficiently protected by that proviso.

ERROR to the Supreme Court of the State of Indiana.

The case is stated in the opinion of the court.

Submitted on printed arguments by *Mr. Ralph Hill* for the plaintiff in error, and by *Mr. S. Stansifer, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

The Congress of the United States, in the act admitting Indiana as a State, declared that every sixteenth section of a

township, according to the legal subdivisions of the public lands lying within that State, should be appropriated for the use of schools within the township.

An act of the legislature of the State, prior to 1854, directed that the money derived from these sixteenth sections should be mingled with school moneys, derived from taxation and various other sources, into a common fund, and should be apportioned among the counties of the State, according to an enumeration of the pupils in each county. As this might have resulted in the diversion of some of the money derived from the congressional grant to the schools of other townships than that in which the land lay, it was, in a proper suit, declared by the Supreme Court of the State to be invalid. *State* v. *Springfield Township*, 6 Ind. 83.

An act was accordingly passed, in March, 1855, providing anew for the distribution of this common fund, which contained this proviso: " That in no case shall the congressional township fund be diminished by such distribution, and diverted to any other township."

Under this act, while the whole fund derived from the interest on the proceeds of the sale of these lands, or the rent of them if unsold, could not be diminished or diverted to schools in other townships, the common fund arising from other sources was so distributed as to equalize the whole among the schools of all the counties; that is, if a township had an ascertained sum arising from the sixteenth section, it received none of the school fund derived from other sources until all other townships had received from those other sources an amount which made them equal to that sum, having regard to the number of pupils, as ascertained by the legal census.

The same township of Springfield brought another suit to test the validity of this act; and the Supreme Court of Indiana having affirmed it, 7 Ind. 636, the township brought the case to this court, on the ground that the act of the legislature was in conflict with the act of Congress. This court, while holding that it was the intent of the act of Congress that the money arising from the sixteenth section should be used only for schools within the congressional townships where the section lay, was of opinion that the proviso we have cited from the

Indiana statute sufficiently protected the right of the people of the township, and that it was competent for the legislature of Indiana to place the people of other townships on an equality with them in regard to educational means, out of funds of the State derived from other sources, and that in so doing they did not violate the conditions of the trust on which the State received those lands. *Springfield Township* v. *Quick*, 22 How. 56.

There seems to have been no further trouble in this matter, until, by an act of the legislature of 1873, the school trustee, who was treasurer of the township, and who had previously collected and distributed the money arising from this school section, was directed to pay all the money so received by him into the treasury of the county. The present plaintiff in error refused to do this, and, being sued by the proper county officers for the money in his hands, set up in defence that the act requiring him to do so was void.

The ground on which this proposition is supported by counsel is, that there is no provision of law in Indiana by which this money, when paid into the county treasury, can be withdrawn, or if withdrawn, can be applied to the use of schools in the proper congressional township.

It is not contended by counsel that the legislature of Indiana could not provide as it might deem best for the custody of this money, nor is it argued that a similar power could not be exercised as to the proper officer to make distribution of it, and direct its expenditure. The whole argument rests on the assumed results of the Indiana statutes, that while the school trustee, who is treasurer of the school board, was by the law, as it stood prior to 1873, authorized to collect and distribute the fund, he is now directed to pay it into a treasury where it cannot, by law, be distributed as the act of Congress requires. It is, therefore, argued that this amendatory law is void, and that the trustee has still the right to collect and distribute the money, and cannot be made to pay it into the county treasury.

The Supreme Court of Indiana, in the opinion, which is a part of the record in this case, have decided that the school laws of that State do authorize the auditor of each county to distribute the school fund in the county treasury to the different townships in the county, and that in doing so he is bound by

the proviso we have already cited, which preserves to each con
gressional township the funds arising from the sale of the six-
teenth section ; and they also decide that the money paid into
the county treasury by the school trustee, arising from that
section, is a part of the fund which the auditor is to apportion,
subject to that proviso.  That court, as it will be seen, con-
strues the statute of its own State in a manner which this court
has already decided to be in harmony with the act of Congress ;
and we are asked by counsel to decide that the Supreme Court
of Indiana, in thus construing the statute, is in error ; and to
make a construction of it, by which it will conflict with the act
of Congress, and be, therefore, void, merely that one officer
may have distribution of the fund instead of another.

Our convictions should be very clear before we do this, even
if we have the right to do it, which may admit of some question.

Fortunately, we concur in the view of these laws taken by
that court.

The school laws of the State are voluminous and complex,
and are all referred to in the briefs.  A full examination of
them is unnecessary here.

Sect. 118 provides that—

" The auditor of each county shall, on, &c., make apportionment
of the school revenue to which his county may be entitled, to the
several townships, towns, and cities of his county, which apportion-
ment shall be paid to the school treasurer of each township and in-
corporated city or town by the county treasurer ; and, in making the
apportionment and distribution thereof, the auditor shall ascertain
the amount of the congressional-township school revenue belonging
to each city, town, and township, and shall so apportion the other
school revenue for tuition to each city, town, and township, as near
as may be, according to the enumeration of children therein : *Pro-
vided, however,* that in no case shall the income of the congressional-
township fund, belonging to any congressional township, or part of
such township, be diminished by such apportionment, or diverted or
distributed to any other township, and report the amount appor-
tioned to the State superintendent of public instructions, verified
by affidavit."

We have here the proper authority for the apportionment
and distribution of the school fund in the county treasury which

shall be paid to the school treasurer of each township. This school treasurer is the very officer who has collected and paid this fund into the treasury of the county under the amendment of 1873.

The argument is that this section only applied to the school fund from other sources, and could not apply to this, because it was not payable into the county treasury when the section was enacted.

But let us suppose that the legislature had by statute increased the fund in the county treasury from other sources, as by giving to it some penalty for violation of a new statute, would it require an express provision to authorize the auditor to apportion that with what the treasurer was receiving before? The question answers itself. The fund — the whole fund in the county treasury devoted to the use of schools — was to be apportioned, and if the fund arising from the sixteenth section becomes a part of it, it must be distributed. And the statute carefully provides, that, in making that distribution, the appropriation of the sixteenth section to the schools of the township shall be strictly observed.

It is unnecessary to protract the argument, for we fully concur with the opinion of the Supreme Court of Indiana construing their own statute.　　　　　　*Judgment affirmed.*