Board of Comm'rs of Bartholomew Co. *v.* State, *ex rel.* Baldwin, Att'y Gen'l.

No. 9824.

THE BOARD OF COMMISSIONERS OF BARTHOLOMEW COUNTY
*v.* THE STATE, EX REL. BALDWIN, ATTORNEY GENERAL.

COMMON SCHOOLS.—*School Lands.*—*Income From.*—*Suit to Recover.*—*County Commissioners.*—*Attorney's Fees.*—*Unlawful Diversion of Funds.*—*Liability of County.*—It is the duty of the board of county commissioners to prosecute an action against a township trustee who refuses to account for the income of land belonging to the congressional township fund, and in the discharge of that duty it is proper for such board to employ attorneys and pay reasonable fees for their services out of proper funds; but such fees can not be paid out of the moneys recovered in such proceeding, as such moneys, under the compact between the United States and the State of Indiana, and under section 3 of article 8 of the State Constitution, are inviolably appropriated to the inhabitants of the proper township for the use of the common schools, and for any deduction made therefrom for attorney's fees or otherwise the county is liable, under sections 6 and 7 of the article cited, with interest from the date of diversion.

SAME.—*Judgment.*—*Res Judicata.*—A judgment of the board of commissioners rejecting a claim filed by a township trustee asking the board to pay into the county treasury, to the credit of the township, school funds unlawfully diverted to the payment of attorneys' fees, is not a bar to an action by the State to compel the board to make good the amount so unlawfully diverted.

From the Bartholomew Circuit Court.

*F. T. Hord,* for appellant.

*D. P. Baldwin,* Attorney General, *R. Hill, J. W. Nichol* and *J. S. Frazer,* for appellee.

HOWK, C. J.—In this case the State of Indiana, on the relation of its attorney general, for the use of its common school fund, presented to the board of commissioners of Bartholomew county, for allowance and payment, a claim in two paragraphs. This claim was disallowed and rejected by the county board, and the State appealed from such action to the circuit court of the county. There the county board, as de-

fendant, answered in five paragraphs, of which the first was a general denial of the State's claim or complaint herein, and each of the other paragraphs stated a special defence. The State's demurrers to each of the special paragraphs of answer, for the alleged insufficiency of the facts therein to constitute a cause of defence to the State's claim or complaint, were sustained by the court. The State withdrew the second paragraph of its claim. The county board withdrew, also, the first paragraph of its answer in general denial of the State's claim or complaint, and declined to answer further. Thereupon the cause was submitted to the court, as upon default, and the court assessed the State's damages in the sum of $2,-482, and rendered judgment accordingly.

Errors are assigned here by appellant, defendant below, which call in question the overruling of its demurrer to the State's claim or complaint, the sustaining of the State's demurrers to each of the special paragraphs of defendant's answer, and the overruling of its motion for a new trial.

It is manifest, we think, from what we have already said, that this case is presented for our consideration solely upon the pleadings. No evidence was introduced in the court below, and none was needed, if the court did not err in its rulings upon the demurrer to the claim or complaint, or upon the demurrers to the several paragraphs of defendant's answer.

In its claim or complaint herein the State alleged that, on the 5th day of June, 1873, in an action then pending in the court below, wherein the State of Indiana, on the relation of said board of commissioners of Bartholomew county, was plaintiff, and Joel S. Davis and others were defendants, on the bond of said Joel S. Davis, as trustee of Sand Creek township, in Bartholomew county, the State of Indiana, by the consideration of said court, recovered of defendants, Joel S. Davis and others, for the use of the common schools of the State and as belonging to the school revenue for tuition thereof, the sum of $8,270.68; that afterwards, on the 7th

Board of Comm'rs of Bartholomew Co. v. State, ex rel. Baldwin, Att'y Gen'l.

day of August, 1878, said judgment and the interest and costs thereon were fully paid and satisfied by said defendants, Davis and others, and the principal and interest of said judgment were fully received by said board of commissioners; that it then became the duty of said board of commissioners, immediately upon its receipt of said money as aforesaid, to pay the same over to the county treasurer of Bartholomew county; but the State averred that said board of commissioners did not then, nor at any time since, pay to such county treasurer, or to any other person or officer authorized to receive the same, the full amount so paid upon such judgment as principal and interest; but, on the contrary, said board of commissioners unlawfully and without right retained from said sum of principal and interest, and converted to its own use, a large amount thereof, to wit, the sum of $3,000, which sum, with interest thereon since said conversion thereof, was still due and owing from said board of commissioners to said school revenue for tuition, and was wholly unpaid. Wherefore, etc.

In the first paragraph of its special answer to the State's claim or complaint herein, the board of commissioners of Bartholomew county, defendant below and appellant here, alleged that section 16 of township 8 north, of range 6 east, known as the Congressional School Section, was situate in Sand Creek township, in Bartholomew county, and, for sixty-five years last past, had been held, leased and managed by the trustee of said township; that during all those years it was necessary from time to time to make and erect necessary improvements on said section, such as buildings, fences, etc., to enable said trustee to lease the same; that, during said time, said trustee had paid for said improvements out of the rents derived from said land, and had leased the land, receiving rents payable in money, property, or improvements on such land; that, during all of said time, said trustee had been required and compelled, from time to time, to employ attorneys to institute actions in the several courts of this

State to enforce contracts relating to such land, to recover possession thereof upon the termination of leases, to sue for and recover rents accruing from the land, to enjoin the commission of waste, and to recover damages for waste committed; that said trustee had, at all times, paid said attorneys for their said services out of the funds collected for rents, etc., from said land, and, during all said time, the said rents so collected by said trustee had been applied to the payment of all expenses attendant upon the management and control of said land, and such expenses had not been paid in any other way or out of any other fund, and the reports thereof, which said trustee had annually made to said board of commissioners, had been approved and ratified by said board, and the residue of said rents so collected, after the payment of all expenses, had been applied to the tuition fund of said congressional township, wherein said land was situate.

Defendant further averred that Joel S. Davis was duly elected and qualified as trustee of said Sand Creek township, on the — day of ——, 1868, and held said office continuously thereafter, as his own successor, until the — day of ——, 1874; that said Davis, as such trustee, collected the rents of said school section 16, and failed and refused to report annually the income derived from said school land, and to pay into the county treasury all rents collected by him, but held and retained the same, and it became the duty of defendant to institute an action against said trustee Davis and the sureties on his official bond to recover the same, and, for the proper and successful prosecution of said action, it became and was necessary that defendant should employ competent and skilful attorneys; that the defendant, who was authorized and required to collect said fund, employed Simon Stansifer and Francis T. Hord as its attorneys to institute and prosecute such action against said trustee Davis and the sureties on his official bond to a final determination; that the attorneys so employed by defendant, under its order and direction, on the — day of ——, 1873, commenced such

action in the court below, in the name of the State, on the relation of defendant herein, against said trustee Davis, and the sureties on his official bond as trustee of Sand Creek township, charging in its complaint therein, among other things, that said section 16, above described, was in Sand Creek township—that before and on the fourth Monday of March, 1873, said Joel S. Davis, as such trustee, had in his hands, as rents and income of such section 16, received by him as such trustee, and interest thereon, to wit, the sum of $12,000, which he had failed to report to the auditor of said county and pay into the county treasury, but had wrongfully withheld and retained the same—and demanding judgment for $12,000, etc.; that numerous issues were formed on the complaint in said action, and, upon the trial thereof, the plaintiff therein, on the 5th day of June, 1873, recovered in such action in the court below a judgment against the defendants therein for the amount of rents held by said trustee Davis, and ten per cent. penalty thereon, making a sum total of $8,270.68, and costs; which were the same proceedings and judgment described in the complaint herein, and no other or different.

And defendant further averred that the defendants in said judgment afterwards appealed therefrom to the Supreme Court of this State, by which court, at its November term, 1873, said judgment was in all things affirmed; that thereafter a writ of error was sued out of the Supreme Court of the United States by the defendants in such judgment, whereby it was sought to have the judgment of the Supreme Court of this State reversed, for alleged error therein; that afterwards, at the October term, 1876, of the Supreme Court of the United States, the judgment of the Supreme Court of this State was in all things affirmed; that the above named attorneys, employed as aforesaid by defendant herein, attended to the conduct and management of said action in the court below, in the Supreme Court of Indiana and in the Supreme Court of the United States, and until the final de-

termination thereof and the payment of said judgment; that the services of said attorneys were necessary to the proper and successful prosecution of said action, and a reasonable fee and compensation for the services of each of said attorneys was the sum of $1,000; that, on the 22d day of September, 1877, said Stansifer and Hord, as such attorneys for defendant herein in said suit, received from said Davis, trustee as aforesaid, upon and in part satisfaction of said judgment, the sum of $2,000, and no more; that no part of such sum of $2,000 was ever in the county treasury of said Bartholomew county, but that the same was then and there applied by said Stansifer and Hord, attorneys as aforesaid, with the consent and approval of the defendant herein, to the payment and discharge of their respective fees of $1,000 each, in the aforesaid suit of this defendant in the name of the State against said trustee Davis, and the sureties on his official bond as trustee of Sand Creek township; that the balance of the aforesaid judgment (except said sum of $2,000) was paid to the treasurer of said Bartholomew county, and not to the defendant herein.

We have given a full summary of the facts alleged by defendant in the first paragraph of its answer herein, for the purpose of showing the real point in controversy herein between it and the State's relator.

In section 6 of an act of Congress approved April 19th, 1816, " to enable the people of the Indiana territory to form a Constitution and State government," etc., certain propositions were offered to the Convention of such territory, " when formed, for their free acceptance or rejection, which, if accepted by the Convention, shall be obligatory upon the United States." Of these propositions the *first* reads as follows: " That the section numbered sixteen, in every township, and when such section has been sold, granted or disposed of, other lands, equivalent thereto, and most contiguous to the same, shall be granted to the inhabitants of such township for the use of schools."

By an ordinance duly passed on the 29th day of June, 1816, the territorial convention of Indiana territory, formed and held under the enabling act of Congress aforesaid, accepted " the propositions of the Congress of the United States, as made and contained in their act of the 19th day of April, 1816."

By this acceptance of the first proposition of Congress, above quoted, section 16 described in the first paragraph of of defendant's answer herein was granted to the inhabitants of congressional township 8 north, of range 6 east, " for the use of schools." This section, as we have seen, was situate in Sand Creek civil and school township, of which township Joel S. Davis was trustee from 1868 to 1874, inclusive.

By section 4328, R. S. 1881, in force at the time, the care and custody of all lands belonging to the congressional township fund were given to the trustee of the civil township, in which the same were situated, who should report annually to the auditor, by the fourth Monday in March, the annual income derived therefrom to the township; which report should contain a fully itemized statement of his rent account of such lands, to whom and for what amount the same were rented to each tenant, and whether such rents had been collected or not; and it should be " the duty of such trustee to pay into the county treasury all rents collected and reported by him as aforesaid."

During his term of office, Joel S. Davis, trustee of Sand Creek township, failed and refused to make such report of the annual income derived from said congressional school section 16, and to pay into the county treasury all rents collected by him from said section. It then became the duty of defendant herein to employ counsel and institute a suit on the official bond of said Joel S. Davis, against him and his sureties therein, to recover damages for the aforesaid breach of his official duty; and in such suit judgment was rendered and affirmed in favor of this defendant, as described in the

first paragraph of its answer.   See *Davis* v. *State, ex rel.*, 44 Ind. 38; *Davis* v. *Indiana*, 94 U. S. 792.

Out of the proceeds of such judgment the sum of $2,000 was applied, with the consent of this defendant, to the payment of the fees of its attorneys for their services in the prosecution of its aforesaid suit against trustee Davis and his sureties in the Bartholomew Circuit Court, in this court, and in the Supreme Court of the United States.   The sum thus applied to the payment of such attorneys' fees, in the suit aforesaid, is the sum for which defendant is sued in this action.

On behalf of the State, it is claimed by the attorney general that all the moneys recovered by defendant herein of trustee Davis and his sureties in the judgment aforesaid, under the Constitution and laws of this State, were income from a part of the principal of the common school fund, which was a " perpetual fund," and were "inviolably appropriated to the support of common schools, and to no other purpose whatever."

On the other hand, defendant's counsel contend with much learning and ability, that the necessary and reasonable fees of the attorneys of such county board, for their services in the prosecution of its suit against trustee Davis and his sureties, were a proper and lawful charge upon the moneys collected by means of such suit, and were rightfully withheld and retained by said attorneys, with defendant's consent, out of such moneys.

In section 2 of article 8 of our State Constitution of 1851 (section 183, R. S. 1881), it is declared that " The common school fund shall consist of the congressional township fund. and the lands belonging thereto," etc.

Section 3 of the same article of the State Constitution (section 184, R. S. 1881), declares as follows: " The principal of the common school fund shall remain a perpetual fund, which may be increased, but shall never be diminished; and the income thereof shall be inviolably appropriated to the

support of common schools, and to no other purpose what-ever."

Section 6 of the same article of the State Constitution (section 187, R. S. 1881), reads as follows: "The several counties shall be held liable for the preservation of so much of the said fund as may be intrusted to them, and for the payment of the annual interest thereon."

In *Davis* v. *State, ex rel., supra*, the right of the board of commissioners of Bartholomew county to bring and maintain the action against trustee Davis and his sureties, for the recovery of the rents of said school section, was vigorously questioned here by appellants' counsel. But the court there held that, "by the act of March 7th, 1873" (section 4328, *supra*, the substance of which we have heretofore given), "the money derived from the rent of the unsold sixteenth section is intrusted to the counties within the meaning of section 6 of article 8 of our Constitution," section 187, above quoted. And the court there said: "We think there is no doubt as to the power of the board of commissioners to bring this action on their relation." We go further, and say that the board of commissioners not only had the power, but, under the Constitution and laws of this State, it was the duty of such board to bring and prosecute that action to a final judgment in the court of last resort.

In the discharge of such duty it was necessary, of course, that the board of commissioners should, as it did, employ attorneys learned in the law to bring and prosecute that action; and it was eminently right and proper, we think, that such board should pay its attorneys their reasonable fees for services in that action. But such payment ought to have been made by the board of commissioners out of any moneys in the county treasury not otherwise appropriated, and not out of the moneys collected on the judgment against Davis and others. For, all the moneys collected on that judgment were income from lands belonging to the congressional town-

ship fund, and were, and are, under our Constitution and laws, "inviolably appropriated" to the inhabitants of congressional township 8 north, of range 6 east, "for the use of schools." For this use the moneys so collected were, and are, "intrusted" to Bartholomew county, and for the preservation of such moneys, and the application thereof to such use according to law, the county must be held liable.

In the early case of *State* v. *Springfield Tp.*, etc., 6 Ind. 83, it was held by this court, after a careful and exhaustive examination of the question, that the General Assembly of this State had no power to divert the congressional township fund, derived from the sale of the sixteenth section, in the several congressional townships, or the income from such fund, from the use of schools for "the inhabitants of such townships" respectively, to the use of the common school system of the State at large. The doctrine of the case cited has never since been doubted or questioned, but the correctness of such doctrine is recognized and acted upon by all the departments of our State government, legislative, executive and judicial. Sections 4328, *et seq.*, R. S. 1881; *Quick* v. *White-Water Tp.*, 7 Ind. 570; *Quick* v. *Springfield Tp.*, 7 Ind. 636; *Davis* v. *State, ex rel., supra.*

But if it be true, as surely it is, that the Legislature has no power to divert the congressional township fund, or the income therefrom, from the uses or purposes to which they are inviolably appropriated by our State Constitution, it can not be claimed that the board of commissioners of Bartholomew county could appropriate, directly or indirectly, any part of the moneys collected on the judgment against Davis and others to the payment of the fees of its attorneys for their services in procuring such judgment, and escape liability for the amount so appropriated. The entire amount collected on that judgment, whether paid to the attorneys of the county board or paid into the county treasury, was intrusted to the county within the meaning of section 6 of arti-

cle 8 of our Constitution, and for that amount the Constitution declares the county " shall be held liable."

In the case in hand, judgment was rendered against the appellant, the board of commissioners, for the amount received by its attorneys from trustee Davis, and applied by such attorneys, with appellant's consent and approval, to the payment of their fees in the aforesaid suit against Davis and the sureties in his official bond, as township trustee. This judgment was rendered against appellant because the payment to its attorneys was a payment to appellant, and as the money applied to such payment was income from lands belonging to the congressional township fund, and, as such, was inviolably appropriated for the use of schools for the inhabitants of such congressional township, and was intrusted to appellant to be applied to such use, it could not be diverted lawfully from such use to the payment of attorney's fees. It behooves the appellant, therefore, to pay the entire amount of the judgment in the case under consideration, and the interest thereon, into the county treasury of Bartholomew county for the use of schools for the inhabitants of congressional township 8 north, of range 6 east. No part of such amount can be applied lawfully to the payment of fees and commissions to the attorney general or to his associate counsel; but the whole amount is inviolably appropriated and must be applied, under our Constitution and laws, to the use of schools for the inhabitants of said congressional township 8.

We are of opinion that the facts stated by appellant, in the first paragraph of its special answer herein, the substance of which we have heretofore given, are wholly insufficient to constitute a valid defence to the State's cause of action, as set forth in its complaint, and that the demurrer to such paragraph of answer was correctly sustained.

In each of the second and third paragraphs of its special answer herein, appellant pleaded substantially the same facts as in the first paragraph of such answer, with some changes in phraseology, and also of the order in which such facts

were stated.   The facts averred in the second and third paragraphs, like those in the first paragraph of such answer, were, that it became the duty of appellant under the law to bring and prosecute an action against the trustee of Sand Creek township and his sureties for the recovery of large sums of money received by such trustee as rents of the school section of land, situate in such township, which sums he failed to account for and pay into the county treasury as required by law; that in the discharge of such duty it was necessary that appellant should, as it did, employ attorneys to bring and prosecute such action; that the reasonable fees of such attorneys were a proper charge against the moneys sued for when collected, and that such attorneys, as they lawfully might, retained and withheld of the moneys collected in that action, in payment of their fees for their services therein, the sum of money which the State seeks to recover of and from the appellant in this suit.

It will be observed that, in each of the first three paragraphs of such answer, the compact between the Government of the United States and the people of Indiana territory, in convention assembled, whereby " the section numbered sixteen in every township " was " granted to the inhabitants of such township for the use of schools," is entirely ignored. Under that compact, the sixteenth section in every township, and the proceeds thereof when sold, constitute the congressional township fund, and the income thereof, whether interest on money or rents of such lands, is inviolably appropriated by and under the Constitution and laws of this State to the use and support of schools for the inhabitants of said congressional township, and to no other use or purpose whatsoever.   The board of commissioners of Bartholomew county had no power, directly or indirectly, to divert any part of such income from the use and support of such schools to the payment of the fees of its attorneys.   The congressional township fund is one of the trust funds referred to in section 7 of article 8 of the State Constitution of 1851 (section 188,

R. S. 1881, which section reads as follows: "All trust funds held by the State shall remain inviolate, and be faithfully and exclusively applied to the purposes for which the trust was created." *State* v. *Springfield Tp., supra; Davis* v. *State, ex rel., supra.*

The demurrers to the second and third paragraphs of such special answer were correctly sustained.

In the fourth paragraph of its special answer the appellant averred that the judgment described in the complaint herein was for the rents and profits accruing on school section 16, township 8 north, of range 6 east, in Bartholomew county, which had been collected by Joel S. Davis, trustee of Sand Creek township, and for which he failed to account with the county board, and pay the money into the county treasury; that such section 16, known as the school section, and the congressional township of which such section was a part, were situate within Sand Creek civil township, in said county, and the trustee of said civil township had, for sixty-five years last past, held, possessed and managed said section 16; that, at the June term, 1880, of the board of commissioners of such county, one Calder Newsom, then trustee of Sand Creek township, filed with such county board, on behalf of said township, a claim for the same $2,000 in controversy in this action, wherein he asked the county board to pay said sum of $2,000 into the county treasury to the credit of school revenue for tuition for the inhabitants of congressional township 8 north, of range 6 east, etc.; that, upon due consideration, said board of commissioners disallowed and rejected said claim, and rendered judgment thereon against said trustee, and that such judgment has never been annulled nor appealed from, but is in full force.  Wherefore, etc.

It needs no argument, we think, to show that the facts stated by appellant in the fourth paragraph of its special answer are wholly insufficient to constitute a good plea of former adjudication in bar of the State's cause of action set forth in the complaint herein.  The parties to the two pro-

Board of Comm'rs of Bartholomew Co. *v.* State, *ex rel.* Baldwin, Att'y Gen'l.

ceedings were as widely different as were the objects and purposes thereof respectively.

In the proceeding described in the fourth paragraph of the answer, the township trustee simply requested appellant to do what it ought to have done without such request, but which the trustee, as such, had no legal right to require it to do. When the board of commissioners denied the prayer of the trustee's petition, he could go no farther, because, as such township trustee, he had no legal title to or claim upon the sum of money mentioned in his petition, until after such sum had been paid into the county treasury and been apportioned by the county auditor to Sand Creek township.

On the other hand, the State prosecuted the pending action to secure the preservation of a portion of one of the trust funds held by the State, the management of which fund the State had intrusted to the board of commissioners of Bartholomew county, and to compel such board to make good and properly apply so much of the income from such trust . fund, as the board had consented to the diversion of from the use and purpose to which such income was inviolably appropriated by the Constitution and laws of the State, to the payment of the fees of the board's attorneys in the prosecution of its aforesaid suit against Joel S. Davis and others. In the very nature of things, the refusal of the county board. to grant said petition of the township trustee can constitute no valid defence in bar of the State's pending action. *Moore* v. *State, ex rel.,* 114 Ind. 414 (421), and the cases there cited.

The theory of the fifth paragraph of answer is that appellant was liable for interest on the sum of money it suffered to be diverted as aforesaid, only from the date the payment of such money into the county treasury was demanded of appellant. As applied to this action, this theory was wrong. Appellant was chargeable with interest from the date of such diversion.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Dec. 19, 1888.