No. 14,892.

## BOARD OF COMMISSIONERS OF ST. JOSEPH COUNTY *v.* THE STATE, EX REL. MICHENER, ATTORNEY GENERAL.

SCHOOL LAND.—*Proceeds of Sale.—Deferred Payments.—Liability of County for Interest.*—Under section 4346, R. S. 1881, which provides that the deferred payments, as well as the one-fourth of the purchase-money to be paid in advance on lands set apart to the school fund by act of Congress and sold by authority of the Legislature, "shall be regarded as part of the congressional school fund," the county is chargeable with interest on the entire amount of the price of the land, and the default of a purchaser of the land in paying deferred installments, and the consequent forfeiture of the land to the school fund, does not relieve the county of liability for interest on the full amount.

From the St. Joseph Circuit Court.

*J. E. Howard*, for appellant.

*L. T. Michener*, Attorney General, *J. H. Gillett* and *L. Hubbard*, for the State.

ELLIOTT, C. J.—Within the county of St. Joseph are lands which were set apart to the school fund by the act of Congress; these lands were sold by the county authorities for $13,750, of which amount one-fourth was paid in cash, and the remainder of the purchase-money was secured by mortgage. The whole amount for which the lands were sold was reported, as the law requires, to the superintendent of public instruction, and the county was charged with it. The purchase-money was not paid, and the lands were forfeited. The question which we are required to decide is this: Is the county chargeable with interest on the entire amount of the price of the land, or only upon the amount received in cash?

The case is governed by section 4346, R. S. 1881, which reads thus: "One-fourth of the purchase-money shall be

paid in hand and the interest for the residue for one year in advance, and the residue in ten years from such sale, with like interest annually in advance; and deferred payments shall be regarded as part of the congressional township school fund, and reported as such by the auditor to the superintendent of public instruction." We can discover neither obscurity nor ambiguity in this statute, and there is no room for construction. Where the words of a statute are free from obscurity or ambiguity, nothing remains but to enforce them as they are written. We can not conceive how it is possible to choose words that would more plainly convey the meaning that the unpaid purchase-money is a part of the congressional township school fund. The words are: "and deferred payments shall be regarded as part of the congressional school fund," and "shall be reported as such." The deferred payments go into the fund as part and parcel of it. From this conclusion there is no escape, save by striking out the words of the Legislature and substituting others for them, and this no court would dream of doing.

Counties are public corporations, and over them the legislative authority is very great and extensive. The Legislature, in the exercise of this authority may, undoubtedly, charge them with the care of school lands and school funds, and impose upon them hard and unreasonable burdens. The courts can not interfere, however much they may doubt the policy of the legislative action, unless some constitutional limitation is disregarded. In this instance the Legislature empowered counties to sell the land, and commanded that the unpaid purchase-money, as well as the purchase-money paid, should be "regarded as part of the congressional school fund." If the court should hold that the unpaid purchase-money is not part of the fund, it would simply declare that the deferred payments shall not be regarded as part of that fund. What the Legislature says shall be regarded as a part of the fund is a part of it, and so it must be adjudged, notwithstanding the fact that ill effects and confusion may result.

If such a result will follow, the courts can not avoid it, for the remedy is with the Legislature and not the courts.

Judgment affirmed.

Filed Oct. 29, 1889.