No. 316.

## THE STATE, EX REL. MICHENER, ATTORNEY GENERAL, *v.* THE BOARD OF COMMISSIONERS OF SHELBY COUNTY.

COMMON SCHOOLS.—*Fines, etc., Collected for School Fund.—Misappropriation of by County.—Action by Attorney General to Recover.—Mandamus not Proper Remedy.*—Where money has been collected on account of fines and other additions to the school fund of a county, and not credited to the permanent school fund, it is proper for the attorney general to file a complaint with the board of commissioners and demand a recovery of the money in order that "it might be receipted back into the county treasury" by him and properly credited to the school fund, and upon a refusal of the board to comply with his demand, to appeal to the circuit court and there demand judgment for the money. If the money, instead of being added to the permanent school fund of the county, was applied to other purposes for the benefit of the county, it was a virtual conversion of the money to the use of the county, and the remedy was as above indicated, and not by writ of mandate.

From the Shelby Circuit Court.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for appellant.

*O. J. Glessner*, for appellee.

Fox, J.—This action was brought by the State of Indiana upon the relation of the attorney general against the board of commissioners of Shelby county to recover the sum of $514.68 " on account of fines and other additions to the school fund of said county," which the complaint charged was due from said county.

The case was originally brought before the said board of commissioners, and that court having sustained a demurrer to the complaint, an appeal was taken to the circuit court. In that court an amended complaint was filed, to which a demurrer was sustained, and the plaintiff below refusing "to further amend his complaint," a judgment was rendered upon the demurrer in favor of the defendant. From this judgment the plaintiff ap-

State, *ex rel.* Michener, Att'y Gen'l, *v.* The Board of Comm'rs of Shelby Co.

peals to this court, and assigns for error the action of the court below in sustaining the demurrer to the complaint.

The merits of the controversy will be better explained by setting forth the entire complaint than otherwise. As it appears in the record, it is as follows :

" The plaintiff for an amended complaint, complaining of the above-named defendant, says that plaintiff's relator is, and for more than two years last past has been, the duly elected, qualified and acting attorney general of the State of Indiana. That defendant is indebted to plaintiff on account of fines and other additions to the school fund of said county, paid into its treasury over and above the amount reported by said defendant to the superintendent of public instruction, as follows :

| | | | | | |
|---|---|---|---|---|---|
| June, 1854, am't rec'd over and above am't rep'td | | | | $162 | 17 |
| " 1855, | " | " | " | 3 | 40 |
| " 1858, | " | " | " | 3 | 00 |
| " 1859, | " | " | " | 87 | 16 |
| " 1861, | " | " | " | 15 | 17 |
| " 1862, | " | " | " | 15 | 00 |
| " 1863, | " | " | " | 41 | 62 |
| Extra fund not reported . . . . . . . . . . . | | | | 211 | 46 |
| Total. . . . . . . . . . . . . . . . . . . | | | | $539 | 58 |

" That in the year 1864 said county reported to the credit of said fund the sum of 24.90 in excess of amount received by it in that year, thereby making the net amount received by it not reported, as aforesaid, the sum of $514.68. That the amount last mentioned is and has long been due from defendant to plaintiff on account of its common school fund, as appears from the several dates of the above account, and said sum of $514.68 is wholly unpaid. Wherefore, the plaintiff prays judgment for $514.68, which is to be receipted back by the relator into the county treasury, as a part of the permanent school fund, and the plaintiff asks for all other relief."

State, *ex rel.* Michener, Att'y Gen'l, *v.* The Board of Comm'rs of Shelby Co.

Thus it appears that the judgment of the court below upon the issue raised by the demurrer to the complaint is the only question submitted for our consideration.

It is said in appellant's brief that " counsel for appellees contended in the court below that the amended complaint was insufficient because the plaintiff should have sought the remedy of mandamus." In support of the proposition that this action was properly brought, and that the appellant was not required to seek " the remedy of mandamus," the following authorities are cited : *State, ex rel., v. Board, etc.,* 90 Ind. 359 ; *Board, etc., v. State, ex rel.,* 106 Ind. 270; *Board, etc., v. State, ex rel.,* 116 Ind. 329 ; *Board, etc., v. State, ex rel.,* 120 Ind. 442. Counsel for appellant further say that the Supreme Court of this State held, ''many years ago, that section 5668, R. S. 1881, authorized the attorney general not only to ascertain the amount due in the cases therein provided for, but also to bring suit in all such cases." In support of this statement, the case of *State, ex rel., v. Denny,* 67 Ind. 148, is cited.

Counsel for appellee has not favored us with the citation of any authorities. The argument in his brief is condensed in the following statement, which we take therefrom :

" There was a fund in the hands of the county treasurer, where it properly belonged, but was improperly credited to the county revenue fund; that being so, it required only an application to the county board of commissioners to have the treasurer credit it on the books to the common school fund. That would have been the proper way to have corrected the error, and would have been a ministerial act on the part of the board, and would have accomplished the proper purpose, and if such motion had been made before said board, and the motion overruled, to correct such error, the only and proper remedy was by mandamus, and not by appeal.

The court below took this view of the subject, and sustained the demurrer."

In the complaint it is alleged that the defendant is indebted to the plaintiff " on account of fines and other additions to the school fund of said county paid into its treasury," but it is not alleged that the amount so paid " was improperly credited to the county revenue fund." As to what disposition was made of the money after it was paid into the county treasury, the complaint does not inform us. It does inform us, however, that the amounts stated were " not reported by said defendant to the superintendent of public instruction." The complaint is conspicuous for its brevity, and it seems to have been the object of the pleader in preparing it to impart as little information as possible.

The demurrer to the complaint admits that the money was paid into the county treasury and not added to the school fund as by law required. We must, therefore, infer that some other disposition was made of it, that it was applied to some other purpose. If the money, instead of being added to the permanent school fund, was applied to other purposes for the benefit of the county, it was a virtual conversion of the money to the use of the county. If the money was so appropriated, we are not convinced that a writ of mandate was a proper remedy in the premises.

The State of Indiana is interested in the preservation of the common school fund. The Constitution provides that " the principal of the common school fund shall remain a perpetual fund, which may be increased but shall not be diminished." It is the property of the State. " Fines and other additions to the school fund " become a part of the permanent principal of the fund. No part of this principal can be diverted and applied to uses other than for which the fund was created. *Board, etc.*, v. *State, ex rel.*, 116 Ind. 329. Counties in receiving school funds re-

ceive the same as trustees, and in administering their trust they are held to a strict accountability. They have no power to divert the fund, " directly or indirectly, to any other purpose than that to which it is devoted by express law." *Board, etc.,* v. *State, ex rel.,* 103 Ind. 497. Section 187 of the Constitution provides that " The several counties shall be held liable for the preservation of so much of the said fund as may be entrusted to them, and for the payment of the annual interest thereon." See, also, section 4326, R. S. 1881. Such being the nature of the trust, the statute of limitations can not be interposed in an action brought to recover any part of the fund that may have been diverted. *State, ex rel.,* v. *Board, etc.,* 90 Ind. 359 ; *Newsom* v. *Board, etc.,* 103 Ind. 526. Counties are required to pay interest on school funds entrusted to them whether they have been loaned or not. *Board, etc.,* v. *State, ex rel.,* 122 Ind. 333.

Mandamus is classed with remedies termed " extraordinary," and only lies in cases where ordinary civil actions do not afford adequate remedies. *Harrison School Tp.* v. *McGregor,* 96 Ind. 185. This principle is well settled in the books. The theory of the complaint is that the money sought to be recovered was paid into the treasury many years ago, " and not credited to the school fund." It would be unreasonable to suppose that the money had lain idle in the hands of the treasurer all these years, and not applied to any purpose. The treasurer to whom it was paid went out of office long ago, as has a number of his successors. A county treasurer in entering upon the duties of his office takes the books and records thereof as he finds them, and the money on hands should appear credited to the proper funds. He is invested with no power to transfer money from one fund to another. In this case, it having come to the knowledge of the attorney general that the money in question for some reason had been misappropriated, he filed his complaint with the

board of commissioners, and demanded a recovery of the money in order that "it might be receipted back into the county treasury" by him, and properly credited to the school fund. The board refused his demand by sustaining a demurrer to his complaint. He appealed to the circuit court, and there demanded judgment for the money in order that the purpose for which the suit was brought might be accomplished.

This we think he had a right to do, and the form in which the action was brought afforded a full and adequate remedy, and was fully justified by the decision of the Supreme Court in the case of *State, ex rel.,* v. *Denny,* 67 Ind. 148.

We have limited the scope of this opinion to the single question that counsel have presented in their respective briefs.

The judgment of the court below is reversed at the cost of the appellee, with instructions to the court to overrule the demurrer to the amended complaint.

