State, ex rel., *v.* Stuart—46 Ind. App. 611.

## THE STATE OF INDIANA, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF FOUNTAIN *v.* STUART.

·[No. 7,080.    Filed April 20, 1910.    Rehearing denied December 15, 1910.]

1.  LIMITATION OF ACTIONS.—*State.—Real or Nominal Party.—* Where the State is a real party to an action the statute of limitations does not run, but if only a nominal party, it does, and the court will search the record to ascertain the facts.    p. 612.

2.  LIMITATION OF ACTIONS.— *Auditors.— Fees.— Salary.—School-Fund Mortgages.—*The State is a nominal party in an action by it, on relation of the board of commissioners, to collect from a county auditor, unlawful fees, and excessive salary received by him, and for his wrongful cancelation of school-fund mortgages.    p. 613.

3.  COUNTIES.—*Auditors' Fees.*—Under §7325 Burns 1908, Acts 1895 p. 319, §115, all fees taxed on behalf of county auditors belong to their respective counties.    p. 613.

4.  COUNTIES.—*Auditors' Salaries.—Excessive.—Right of Action.—* The county is the proper party to collect any excess of salary paid to a county auditor.    p. 614.

5.  SCHOOLS.—*Funds.—Trusts.—Counties.—Liability for.*—Counties are directly liable, as trustees, to the State for the loss of any school funds entrusted to them.    p. 614.

6.  SCHOOLS.—*Funds.—Counties.—Liability.—Parties to Action.—* For a loss of school funds by a county, the State must recover from the county and not from the officer causing the loss.    p. 615.

7.  LIMITATION OF ACTIONS.— *Counties.— Officers.—* In actions for the benefit of a county, against an officer thereof, the statute of limitations applies the same as between individuals.    p. 615.

From Fountain Circuit Court; *Isaac E. Schoonover,* Judge.

Action by the State of Indiana, on the relation of the Board of Commissioners of the County of Fountain, against Charles F. Stuart.    From a judgment for defendant, plaintiff appeals.    *Affirmed.*

*Omer B. Ratcliff, John B. Martin, Fry Bryant* and *Valentine E. Livengood,* for appellant.

*Oliver P. Lewis,* for appellee.

WATSON, J.—This is an action by appellant against ap-
pellee, based upon alleged breaches of the official bond of
appellee, Charles F. Stuart, who was auditor of Fountain
county, Indiana, for a· term of four years, beginning on
November 22, 1894.   The complaint covered thirty-seven
breaches of the bond.   To the complaint, and to each sep-
arate breach therein set out, appellee filed a demurrer,
which was. overruled.   Appellee answered in seven para-
graphs, setting up the five-, six- and ten-year statutes of
limitations, to which demurrers were overruled and excep-
tions taken.   Judgment was rendered for appellee on the
demurrer for costs.

The errors relied upon for reversal are:   (1) The court
erred in overruling the demurrer of appellant to the third,
fourth, fifth, sixth and seventh paragraphs of the answer
of appellee;   (2) the court erred in overruling the demur-
rer of appellant, separately and severally, to the third,
fourth, fifth, sixth and seventh paragraphs of the answer
of appellee.

This presents the question whether the statute of lim-
itations applies in this case.   Section 295 Burns 1908, subd.
2, §293 R. S. 1881, provides:   "All actions against a
sheriff, or other public officer, or against such officer and
his sureties on a public bond, growing out of a liability in-
curred by doing an act in an official capacity, or by the
omission of an official duty, · [shall be brought] within five
years; but an action may be brought against the officer or
his legal representatives, for money collected in an official
capacity, and not paid over at .any time within six years."

As this action was brought in the name of the State of
Indiana, on the relation of the Board of Commissioners of
the County of Fountain, the question necessarily
raised is whether the State is an interested or a nom-
inal party.   If the State is an interested party,
there can be no question that the statute of limitations
does not run against it.   Section 306 Burns 1908, §304 R. S.

1881, provides that "limitations of actions shall not bar the State of Indiana." On the contrary, if the State is a nominal party only, and has no interest in the outcome of the suit, then the statute of limitations is applicable. *State, ex rel.,* v. *Halter* (1898), 149 Ind. 292; *United States* v. *Beebe* (1888), 127 U. S. 338, 8 Sup. Ct. 1083, 32 L. Ed. 121; *United States* v. *Des Moines, etc., R. Co.* (1892), 142 U. S. 510, 12 Sup. Ct. 308, 35 L. Ed. 1099; *Eastern State Hospital* v. *Graves* (1906), 105 Va. 151, 52 S. E. 837, 3 L. R. A. (N. S.) 746; Wood, Limitations (3d ed.) §52. We are therefore required to search the record to ascertain whether the State is in fact a nominal or a real party in interest in this litigation.

The basis of this action is for breaches of the bond of appellee as auditor of Fountain county. Items one to seventeen, inclusive, alleged as such breaches, are for moneys and fees collected by said appellee as such auditor and not turned over to, and accounted for, to the county treasurer of said county. Items eighteen to twenty-seven, inclusive, are for the overdrawing and collecting of warrants in said appellee's favor, for salary as such auditor, in excess of the amount due to him as provided by law. Items twenty-eight to thirty-six, inclusive, involve the wrongful releasing of certain school-fund mortgages which had not been paid to the county treasurer, and the failure to collect, or cause to be collected, certain school-fund interest. The thirty-seventh breach is a general allegation that there is due from said auditor, on account of the breaches aforesaid, the sum of $7,738.07, less a credit of $135.05.

Section 7325 Burns 1908, Acts 1895 p. 319, §115, provides: "The auditors of the various counties of this State shall on behalf of their respective counties, tax and charge upon the proper books to be kept for that purpose in their respective offices, the fees and amounts provided by law, on account of services performed

by said auditors. The fees and amounts so taxed shall be designated 'auditor's costs,' but they shall in no sense belong to, or be the property of the auditor, but shall belong to and be the property of the county." The moneys and fees enumerated in items one to seventeen, inclusive, belong wholly to the county, and no part thereof belongs to the State. *Workman* v. *State, ex rel.,* (1905), 165 Ind. 42.

The amount involved in this litigation, as overdrawn salary by appellee, covering his term as auditor, set out in the complaint under items eighteen to twenty-seven, inclusive, was payable out of the money belonging to the county, not otherwise appropriated, upon the order of the board of commissioners, and therefore the right of action for recovery is in the county and not in the State. §7341 Burns 1908, Acts 1897 p. 31.

The several counties are held liable as trustees to the State for the preservation of the school fund, and the State must prosecute its action against the county for the recovery of any of the principal, if depleted, or any interest thereon not collected, and "the payment of which interest shall be full and complete every year, and shall so appear in the auditor's report to the superintendent of public instruction." §6184 Burns 1908, §4326 R. S. 1881. They are required also to bear the expense of managing and recovering any school funds diverted from the proper channels. §6184, *supra; Newsom* v. *Board, etc.* (1885), 103 Ind. 526; *Board, etc.,* v. *State, ex rel.* (1886), 106 Ind. 270; *Board, etc.,* v. *State, ex rel.* (1888), 116 Ind. 329; *Board, etc.,* v. *State, ex rel.* (1890), 122 Ind. 333; *State, ex rel.,* v. *Board, etc.* (1892), 5 Ind. App. 220.

Article 8, §6, of the Constitution of the State of Indiana, with reference to the school fund, provides that "the several counties shall be held liable for the preservation of so much of the said fund as may be entrusted to them, and for the payment of the annual interest thereon."

State, ex rel., v. Stuart—46 Ind. App. 611.

For the loss of the school funds, as alleged in items twenty-eight to thirty-six, inclusive, the right of action is in the State, but the State must pursue the county and recover therefrom. and not from an officer.

In Wood, Limitations (3d ed.) §53, it is said: "The maxim *nullum tempus occurrit regi* only applies in favor of the sovereign power, and has no application to municipal corporations deriving their powers from the sovereign, although · their powers in a limited sense are governmental. Thus the statute runs for or against towns and cities, and also for or against counties."

In a note to *Bannock County* v. *Bell* (1901), 101 Am. St. 140, 154, quoting from *Johnson* v. *Llano County* (1897), 15 Tex. Civ. App. 421, it is said: "Neither do counties, in and of themselves and independent of the rights granted to them by the State, possess any of the attributes or functions of sovereignty; and hence, they are not, in the true sense of sovereignty, any part of the State. The State has delegated to them, as it has to cities and towns, certain powers and functions that belong to this State; but it does not follow that because such corporations are intrusted with the exercise of such powers and functions, they are, in all respects, elevated to the dignity of sovereignty."

This is an action between the county and an individual, and the statute of limitations runs in the same manner and to the same extent as though both were natural persons. Wood, Limitations (3d ed.) §53; 2 Dillon, Mun. Corp. (4th ed.) 668; *City of Pella* v. *Scholte* (1868), 24 Iowa 283, 95 Am. Dec. 729; *Johnson* v. *Black* (1905), 103 Va. 477, 49 S. E. 633, 68 L. R. A. 264, 106 Am. St. 890.

The court did not err in overruling the demurrer to the several paragraphs of answer.

Judgment affirmed.