**CALLANDER v. BRICKNER et al.**

No. 12432—Opinion Filed Jan. 15, 1924.

1. **Taxation—Tax Deed—Action to Enforce Barred by Statutory Limitation.**

Where plaintiff relied on a deed from the county treasurer, the premises having been sold for taxes, purchased by the county, and acquired by plaintiff at a resale by the county, section 7419, Rev. Laws 1910, providing that "no action shall be commenced by the holder of the tax deed * * * to recover possession of the land which has been sold and conveyed for nonpayment of taxes, unless such action shall be commenced within one year after the recording of said deed," is applicable. Held, an action brought on May 26, 1920, to establish title based on a deed executed and recorded on June 15, 1918, falls within the bar of the statute.

2. **Appeal and Error—Questions of Fact—Conclusiveness of Findings—Action to Establish Tax Title.**

Where plaintiff relies on a conveyance executed by the county treasurer covering premises sold for taxes, purchased by the county, and resold to plaintiff, and plaintiff alleges ownership and possession, it devolves upon plaintiff to establish such possession, and where the fact of such possession is in dispute a general finding of the trial court in favor of defendant cannot be disturbed unless such general finding is clearly contrary to the weight of the evidence.

3. **Same.**

Record examined and held, that general finding of trial court is not against the clear weight of the evidence.

4. **Taxation—Action to Establish Tax Title—Limitations—Tender of Taxes by Defendant.**

Under sections 7417 and 7419, Rev. Laws 1910, where defendant seeks no affirmative relief and plaintiff fails by reason of the weakness of his case, and no superior equities are asserted by the defendant, defendant is not required to tender in open court all taxes, penalties, and costs before making a defense.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by J. A. Callander against John T. Brickner and Nellie Brickner. Judgment for defendants. Plaintiff appeals. Affirmed.

Fred W. Green, for plaintiff in error.

H. M. Adams, for defendants in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. On May 26, 1920, the plaintiff filed his petition in which he alleges that he is the legal owner in fee simple, and in the actual and peaceable possession of the premises in controversy by virtue of certain tax proceedings; that the property was sold for taxes, as provided by law, to Logan county, Okla., at the November, 1913, tax sale; that said county took out sale certificates to itself covering said property, and at a resale for taxes on the 4th day of June, 1917, offered the property for sale to the highest bidder for cash, not less than the total amount of delinquent taxes and assessments at that time accrued against the property. That at such resale Logan county became the purchaser of said property and that the county treasurer of Logan county executed a deed to Logan county, which was recorded on August 25, 1917; that thereafter, at a resale had on the 15th day of May, 1916, Logan county sold said property to J. A. Callander, and that the county treasurer, on the 15th day of June, 1919, delivered to plaintiff a deed to said property which, on the 15th day of June, 1918, was recorded in the office of the county clerk of Logan county.

It will be observed that the plaintiff relies on his deed executed by the county treasurer on the 15th day of June, 1918, and that said deed was recorded on the 15th day of June, 1918, and that this suit was brought on May 26, 1920, more than one year subsequent to the recordation of the deed. The lower court rendered judgment against the plaintiff and in favor of the defendants, and made a general finding of all of the issues against the plaintiff and in favor of the defendants.

The testimony on the question of possession was conflicting and the judgment of the trial court could well be sustained

on the theory that plaintiff did not prove a sufficient possession to authorize his recovery. It is also apparent that the action was not brought within one year from the recordation of the deed. The plaintiff says that this statute is not applicable because this was not an action to recover possession of land, but an action to quiet title. This contention is no longer open in this jurisdiction. This court, in the case of Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, lays down the controlling rule:

"Under section 7419, Rev. Laws 1910, providing that 'no action shall be commenced by the holder of the tax deed or the former owner * * * to recover possession of the land which has been sold and conveyed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed,' neither party can successfully maintain against a plea of such statute of limitation, an action not commenced within one year after the recording of the tax deed.

"Section 7419, Rev. Laws 1910, contemplates that if either the former owner or the tax deed purchaser desires to litigate the validity of the tax deed, and one or the other of them commences an action, either to recover possession of the land or to quiet title, and in such action the plaintiff's petition clearly tenders to the defendant the validity of the tax deed as the issue in the case, and such suit is commenced within one year from the recording of the tax deed, the statute of limitation stops running against all defences which may be interposed by the defendant."

It is plain from the foregoing that an action of this character comes within the bar of the statute construed in the foregoing decision.

It is the contention of the plaintiff that the conveyance under which he holds is not, strictly speaking, a tax deed on account of the resale provisions of the act of the Legislature which provided for the procedure followed in this case. However, we think that such procedure confers on the taxing authorities cumulative methods of enforcing the collection of taxes, and that it would be highly technical to hold that the conveyance in this case is not a tax deed within the meaning of section 7419, Rev. Laws 1910, supra.

Complaint is also made that the judgment of the trial court did not require the tender or payment of accumulated taxes by the defendants, and it is said that this is a prerequisite to recovery by defendants. However, in this case the defendants did not seek affirmative relief, but merely prayed that the plaintiff take nothing by this action.

If an action had been brought by the defendants to avoid the tax deed, plaintiff might well have contended that section 7417, Rev. Laws 1910, is applicable. This section is as follows:

"To defeat the deed, the person desiring to set the same aside and recover the land, or to resist the recovery of possession by the holder of the deed in addition to showing clearly the entire failure to do some one or all the things of which the tax deed is made presumptive evidence, must show that he or the person under whom he claims had the right to redeem the land from tax sale at the time the deed was made, and must when his action to set aside the tax deed is brought, or a defense to recovery is plead, tender in open court for the use of the holder of the tax deed all taxes, penalties and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and on failure to do so his action or defense, as the case may be, shall be dismissed."

Section 7419, Rev. Laws 1910, supra, also contains the following:

"And in case of action to avoid the deed and until all taxes, interest, penalties, costs and expenses shall be paid or tendered by the party commencing the said action."

However, since the defendants did not bring any action or ask for affirmative relief, it cannot be contended that these sections have any application to this controversy.

The plaintiff in this action failed by reason of the weakness of his case, and not by virtue of any superior equities in the defendants.

The judgment of the trial court may well be sustained on two theories:

(a) That the plaintiff failed to make out a sufficient possession to enable him to maintain this action.

(b) That plaintiff's case is barred by section 7419, Rev. Laws 1910.

Therefore the general finding of the trial court in favor of the defendants is correct and the judgment must be affirmed.

By the Court: It is so ordered.