**WEBSTER v. MORRIS, Co. Treas., et al.**

No. 18093.    Opinion Filed Jan. 31, 1928.

Rehearing Denied Feb. 14, 1928.

(Syllabus.)

**1. Taxation—Legislative Power to Prescribe Method of Collection.**

The Legislature, subject only to such rules, limitations, and restraints of the Constitution of the state, may provide the method for collecting taxes and naming the agency therefor.

**2. Same—Duties Devolving on Counties—Cost of Resale Notices.**

The Legislature of this state has placed upon the counties of the state the duty of collecting taxes levied and assessed on an ad valorem basis, against real and personal property located in the respective counties, and it has also provided that, where taxes have become delinquent against real estate, such real estate may finally be disposed of at resale, and the state has also imposed upon the counties of the state the cost of publishing resale notices.

**3. Same—Discretion of Excise Board as to Amount Provided for Cost.**

The enforcement of tax collections is as necessary for the sustenance of the several counties of the state as it is for the maintenance of the state, and the county excise board in providing for the cost of publishing notices of resale has discretion only as to the amount that will be reasonably necessary for such publication.

**4. Same—Fees Paid by Purchasers at Resales not Trust Fund to Pay Cost of Notices.**

Fees paid the county treasurer by purchasers at a resale do not become a trust fund, nor is such county treasurer authorized to use such funds for the payment of resale tax notices.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Mandamus by George T. Webster against E. D. Morris, Treasurer of Ottawa County, et al. Judgment for defendants, and plaintiff brings error. Affirmed.

George T. Webster, for plaintiff in error.

A. L. Commons, for defendants in error.

LESTER, J. This action was commenced by the plaintiff to secure a peremptory writ of mandamus compelling the excise board of Ottawa county, Okla., to add to the levy for current expenses a sum of money sufficient to meet the cost of publishing tax notices for the resale of real estate to be held on the third Monday in April, 1927; in lieu thereof, to compel the county treasurer of said county to prepare and cause resale tax notices to be published as provided by chapter 158, Session Laws 1923.

A hearing was had in said cause before the district court which resulted in the court denying any relief to plaintiff and entering its judgment in favor of the defendants, from which judgment the plaintiff prosecutes this appeal.

It appears that in Ottawa county no resale of property, on account of nonpayment of taxes, has been made by the officers of said county for a period of several consecutive years; that the excise board of said county has for several years last past refused to provide or allow funds for the purpose of providing for the advertising of tax resales, and for that reason the county treasurer has failed to conduct tax resales

as provided by sections 1, 2, 3, 4, 5, and 6 of chapter 158, Session Laws 1923.

Section 4 of said act provides:

"The treasurer shall give notice of the resale of such real estate by the publication thereof once each consecutive week for four publications preceding the resale in some newspaper in the county, and if there be no paper published in the county, he shall give notice by written or printed notice posted on the door of the courthouse or building in which courts are commonly held, or at the usual place of meeting of the county commissioners. Such notice shall contain a description of the real estate to be sold, the name of the owner of said real estate, as shown by the last tax rolls in the office of county treasurer, the time and place of sale, and a statement of the date on which said real estate was sold to the county for delinquent taxes, and the year or years for which taxes have been assessed, and that the same has not been redeemed for the period of two (2) years from the date of sale and the amount of all delinquent taxes, costs, penalties and interest accrued on the same and that such real estate will be sold to the highest bidder for cash, provided that sales provided for in this act shall be held on the third Monday of April of each year in each county."

Section 6 of said act provides in part:

"Any number of lots or tracts of land may be included in one deed, for which deed the treasurer shall collect from the purchaser:

"One dollar ($1.00) for the first tract and ten (10) cents for each additional tract included therein. The treasurer shall also charge and collect from the purchaser at such sale the sum of twenty-five (25) cents on each tract of real property and fifteen (15) cents on each town lot so advertised and sold for the cost of publishing said notice of sale, which sums shall be paid into the county treasury and the county shall pay the cost of publishing such notice of resale."

On the hearing of said cause, the county treasurer testified, in part, as follows:

"Q. Was any retax sale held in April, 1924? A. No, sir,—wasn't any except in 1921. Q. was any held in 1925? A. No, sir. Q. Why wasn't any retax sale held in either of these years by you? A. Well, for several reasons: First, we had no funds to pay for the publication and other expenses: second, on account of the imperfections of the tax rolls of Ottawa county. Q. In what year since statehood has there been a retax sale held in Ottawa county as shown by your books? A. 1919, 1920, 1921. Q. Did you not make an estimate to the board of county commissioners of the amount you would need to make this publication? A. I did,

sir,—I made or asked for an appropriation of $2,000 in my statement which went before the board of county commissioners and was published in the paper, and that item went to the excise board and by a vote of six to one in there they refused to give me that allowance. By the Court: Just a question for my information,—Mr. Morris, is there any way of knowing, or do you have any way of knowing, or do you have an idea concerning the approximate amount of delinquent taxes there is now standing against these lots and parcels of land that are subject to retax sale? A. You mean in Ottawa county, the amount that is due, penalties and costs, etc.? The Court: Yes, A. Something more than a million dollars. The Court: That is in the aggregate. A. Yes, sir."

This witness also testified that there were approximately 6,000 lots and parcels of land that were subject to resale.

It will be seen that not since the year 1921 has there been a resale of property in Ottawa county; that more than 6,000 lots and parcels of land are subject to resale; that the value of the said real estate is approximately $1,000,000, and in allowing the taxes and penalties for several years to accumulate against said property and remain uncollected, in many instances, such taxes and penalties exceed the value of the particular property.

The excise board of Ottawa county seeks to excuse itself from providing an estimate and funds necessary to pay for the publication of tax resale on the ground that it has given consideration to said estimate, and, acting within the discretion of said board, has disallowed the same; that if said board had allowed the sum asked by the county treasurer of Ottawa county for publishing notices of resale for the year 1926, said item of expense, together with the other estimates made by said board for current expenses, would have exceeded the maximum sum of four mills allowed the county by statute for current expenses; and that the excise board in acting on the estimate requested by said county treasurer, and the disallowance of the same by said board, was acting within its authority as expressed in section 9698, C. O. S. 1921, which is as follows:

"The said board shall have power and authority to revise and correct any estimate certified to them by either striking items therefrom, increasing, or decreasing items thereof, or adding items thereto, when in its opinion the needs of the municipality shall require."

The rule is uniform that where there has

been an exercise of good faith and judgment of discreiton by an officer upon whom the duty involving discretion is imposed, the writ of mandamus will not lie to compel him to act again, but, on the other hand, if such person, by an arbitrary exercise of his authority, abuses the discretion extended him, the writ of mandamus will issue to compel such officer to act within the limits of the law.

For a long term of years the excise board of Ottawa county has failed, refused, and neglected to make an appropriation necessary to pay the publication expenses for resale of real property in that county.

Government is not supported by voluntary donations from its citizenship. County and state governments of Oklahoma, together with the municipalities thereof, are almost wholly dependent for their sustenance upon the enforcement of collecting taxes levied and assessed against real and personal property. If this system breaks down through the want of administrative force, or inaction, the effect will be to impair and paralyze the functions of government in this state.

Since the year 1921, the excise board of Ottawa county refused to make any appropriation estimates for the purpose of providing means to enforce the collection of taxes, long impressed and delinquent against real estate, which real estate has been subject to resale as provided by the statutes of this state, and, as heretofore pointed out, where such taxes and penalties have been pyramided, they in many instances exceed the value of the property, and the state, as well as the interested municipalities thereof, suffer financial loss on that account; moreover, through the resale of said property, the same is replaced on the tax rolls and again begins to bear its share of tax.

"What method shall be devised for the collection of a tax, the Legislature must determine, subject only to such rules, limitations, and restraints as the Constitution of the state may have imposed." Cooley's Constitutional Limitations (7th Ed.) 748.

In this state the counties are, by statute, made the collecting agencies for taxes levied and assessed against real and personal property.

Section 6. ch. 158, Session Laws, 1923, in providing for the means of enforcing and collecting delinquent taxes against real estate, provides that, in the event of resale of real estate, the county shall pay for the costs of publishing such notices of resale.

In the case of Smartt v. Board of Commissioners, Craig County, 67 Okla. 141, 169 Pac. 1101, the court said:

"In addition to the protection of life, liberty, and property and the conservation of the public peace, health, and safety, there are certain other functions of government which are elementary and indestructible, such, for example, as the administration of justice in the courts and the maintenance of a public school system for the education of all the children residing within the state; and to permit the performance of these mandatory duties to depend upon the making of provision therefor by certain subordinate municipal officers would render the life of the state and the security of the citizen precarious indeed."

It is obvious that the government itself cannot be long maintained, unless its system of taxation is enforced by its administrative officers charged with this duty.

The state of Oklahoma, as heretofore observed, has selected the counties of this state as its agents for the collection of taxes levied and assessed on an ad valorem basis against real and personal property. The state has also provided that, in the event taxes are not paid on real estate, such taxes may be enforced by a resale of said property, and the state has also imposed upon the counties the cost of publishing notices of resale. As heretofore pointed out, the levying and collection of taxes are always necessary for the support and maintenance of government, and the final enforcement of collecting taxes through a mandatory process is as essential to the government as the levy itself; and, moreover, if one citizen pays the taxes levied against his property, while another fails to do so, it creates an unequal burden on the citizen that pays. The obligation of the county to provide a reasonable and necesary estimate to pay the cost of notices for resale of real estate cannot be escaped by the county. It is an obligation placed upon the county by the state, and the operation and discharge of this duty by the county is as necessary to the sustenance of the county as it is to the state; therefore, the only discretion that may be exercised by the county excise boards of the state, as it relates to the estimate for publishing notices of resale, is the amount that will be reasonably necessary for such purpose.

The courts will not grant writs of mandamus where the officers have discretion of the subject-matter and such discretion has not been capriciously used or abused. But, in our judgment, the repeated refusal, from year to year, of the county excise board of Ottawa county to provide an estimate to

cover the costs necessary for the resale of property has been a manifest abuse of its discretion.

In the case of Raisch v. Board of Education of the City and County of San Francisco, 22 Pac. 890, the California court said:

"The argument that the board had the discretion to allow or reject the claim, and that its action was final and conclusive so far as this proceeding is concerned, is without weight. It is true that, under the statute, the board may reject any demand 'for good cause.' But, although the board is to be 'the sole judge' of what is good cause, still the rejection cannot be arbitrary or capricious."

In the case of Bryant v. Board of Education of Colquitt County, 156 Ga. 688, the court there held:

"That while mandamus is ordinarily a remedy for official inaction, and does not generally lie to control the conduct of an officer vested with discretion, yet where the exercise of such discretion has been so capricious or arbitrary as to amount to its gross abuse, mandamus is a proper remedy to correct such gross abuse of discretion. City of Atlanta v. Wright, 119 Ga. 207, 45 S. E. 994; Richmond County v. Steed, 150 Ga. 229, 103 S. E. 253."

In the case of State ex rel. F. E. Hoffman v. Town of Clendenin. 92 W. Va. 618, the court said:

"In all cases, where by law, common or statute, a subject is referred to the discretion of a court, that must be regarded as a sound discretion, to be exercised according to the circumstances of each particular case. Com. v. Wyatt, Rand. 694; Rose v. Brown, 11 W. Va. 142; Welch v. County Court, 29 W. Va. 63; Abbott v. L'Hommedieu, 10 W. Va. 677. Where anything is directed to be done according to the discretion of the person designated, the law intends it to be done with sound discretion and according to equitable principles, and a court has power to redress wrongs which have been committed by an abuse of discretion. People v. N. Y. Superior Court, 10 Wend. (N. Y.) 285."

The plaintiff in this action filed his original suit in the district court of Ottawa county on the 18th day of December, 1926. It is apparent that the tax levies and assessments for the year 1926 have been spread upon the tax rolls; that a majority of the taxpayers of that county have paid the taxes levied and assessed for the year 1926, and for this court to grant the writ herein prayed for would cause great confusion and disturb the tax rolls of that county. A writ of mandamus is issued or withheld at the discretion of the court, and while we think that the excise board of Ottawa county in refus-

ing, for a long term of years, to make an estimate for the purpose of paying for the publication of notice of resales has acted arbitrarily and capriciously, however, in view of the fact that the issuance of the writ at this time would greatly disturb the tax rolls of Ottawa county for the year 1926, the writ on that account is denied.

However, we desire it to be understood, that had this matter been presented to this court promptly, after the last refusal of the board to make an appropriation for said item of expenses, this court would have issued its writ.

The plaintiff insists that the fees paid the county treasurer by the purchasers at a resale become a trust fund, and that the county treasurer is authorized to use said fund for the payment of publishing notices of resale. With this contention we cannot agree, for, in our judgment, such fees are paid into the county treasury for the benefit of the general fund of such county, and said treasurer has no authority to honor warrants or claims thereon without an estimate having been made for that purpose by the excise board.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 37 Cyc. p. 1190. (2) 37 Cyc. p. 1357. (3) 15 C. J. p. 633, §347. (4) 37 Cyc. p. 1357.