## MORTON v. WILSON.

No. 20298. Opinion Filed July 14, 1931.

Rehearing Denied Jan. 12, 1932.

George T. Bonstein, for plaintiff in error.

Cochran & Noble and Sam L. O'Bannon, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Okmulgee county by Walter W. Morton, plaintiff in error herein, against C. W. Wilson, defendant in error herein, for possession and to quiet title to the real estate described in the petition. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged that he was the owner of and entitled to possession of the property; that he acquired the same by reason of tax proceedings; and attached to his petition as exhibits, resale tax deed from the county treasurer to chairman of board of county commissioners; also deed from chairman of board of county commissioners to plaintiff; and further alleged in second cause of action that defendant was claiming some right, title, or interest in the property.

Demurrer of defendant on the grounds petition did not contain facts sufficient to constitute cause of action, and if plaintiff had any right of action, same was barred by statutes of limitations. Which demurrer was sustained, and plaintiff thereafter filed, amended petition, which was in the nature of an amendment to the original petition and made his original petition a part of his amended petition, and alleged in his amend-ment that he secured possession of said property from the occupant of said property, and thereafter defendant took possession by placing another occupant in possession and plaintiff delayed action because of negotiations for settlement. Prayed for judgment according to prayer of his petition.

Defendant filed general demurrer to amended petition, which was sustained, and plaintiff elected to stand upon his amended petition. Defendant moved to dismiss petition and amended petition, which was sustained by the court. Plaintiff brings the cause here for review by transcript.

The resale tax deed from the county treasurer to the chairman of the board of county commissioners was recorded on the 19th day of July, 1924. The county deed from the chairman of the board of county commissioners to plaintiff in error, Walter W. Morton, was executed on the 21st day of December, 1926, and recorded on the 5th day of January, 1927. The petition in this cause was filed January 3, 1928.

Section 9745, C. O. S. 1921, as amended by chapter 158, sec. 5, Sess. Laws 1923, reads, in part, as follows:

"* * * In case no bidder offers or bids the amount due upon any tract of real estate other than the lots located in any city or town, as above provided and offered for sale, the county treasurer shall bid off the same in the name of the county for the amount of taxes, penalties, interest and cost due thereon and shall issue a deed therefor in the name of the chairman of the board of county commissioners, * * * provided, that in no event shall the county be liable to the state or any taxing district thereof for any part of the amount for which any property may be sold. Any property acquired by the county under the provisions of this section may be sold by the treasurer at such price as may after notice by publication be approved by the board of county commissioners.* * *"

Section 9746, C. O. S. 1921, as amended by chapter 158, sec. 6, Sess. Laws 1923, provides in part:

"* * * And twelve (12) months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set aside said deed, except as to infants, idiots, and insane persons or other persons under legal disability. * * *"

Section 9753, C. O. S. 1921, provides:

"No action shall be commenced by the holder of the tax deed or the former owner or owners of land by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid

such deed, unless such action shall be commenced within one year after the recording of such deed; and in case action to avoid the deed, not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the party commencing such action."

In the case at bar we hold that the statutes of limitations commenced to run on the recording of the deed from the chairman of the board of county commissioners to the plaintiff in error herein, which was on the 5th day of January, 1927, and that the suit, being filed on the 3rd day of January, 1928, was within the period prescribed by law.

The amended petition filed herein after the statute of limitations had become complete did not state a new or different cause of action and did not change substantially the plaintiff's claim; the amended petition related back to the filing of the original petition and the action was not barred by the statute of limitations of one year, the original petition having been filed within the period prescribed by law.

In the case of United States Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 Pac. 834, 1st syllabus paragraph, this court said:

"Where an original petition sought to recover on a fire insurance policy and the same was not good as against a general demurrer, but set out the names of the parties plaintiff and defendant, alleged the contract * * * attached a copy of said insurance policy to the petition and made it a part thereof ↲ * * * and after the statute of limitations has become complete an amended petition was filed which did not state a new or different cause of action and did not change substantially the plaintiff's claim, it is but the perfection of the imperfect statement of the cause of action originally stated. Held, the amended petition relates back to the filing of the original petition and the action was not barred by the statute of limitations of one year."

The general demurrer admitted the truth of all the facts well pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true for the purpose of the demurrer, and plaintiff in error's action not being barred by the statute of limitations and the amended petition filed after the statute of limitations had become complete, for the reasons heretofore stated, the same related back to the date of the filing of the original petition, and the demurrer should have been overruled.

We, therefore, hold the trial court erred in sustaining the demurrer in this cause, and therefore the judgment of the trial court is reversed, and said cause remanded to the district court of Okmulgee county, with directions to overrule the demurrer.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

KORNEGAY, J., dissents.

———

KORNEGAY, J. (dissenting). It seems to me that this court should not reverse the lower court in this case on the record that we have. It is very short, and there is no room for confusion. The case started in the Okmulgee county district court on the 3rd of January, 1928, by the filing of a petition by Walter W. Morton, the present plaintiff in error, against C. W. Wilson, the present defendant in error. It was an ordinary action in ejectment with the second cause of action for a removal of any claim the defendant might have as a cloud upon plaintiff's title.

The title was deraigned as being a resale tax deed, found on page 3 of the case-made. This resale tax deed was signed by J. R. Jones, county treasurer of Okmulgee county. It recited various proceedings leading up to its making. It purported to be executed on the 20th day of May, 1924, and conveyed to the chairman of the board of county commissioners of Okmulgee county, Okla., and his successors in office, for the use and benefit of Okmulgee county, the land involved, to wit, the south 128 feet of lot 5, block 2, Southland addition, Okmulgee county. The other deed in the chain of title can be found on page 7. It recites that Okmulgee county had acquired title to this land at a resale held on the third Monday in April, 1926, and that on the 20th of December, 1926, the grantee had made an offer of purchase to the county treasurer of Okmulgee county, and that the county commissioners had directed the chairman to execute a deed to the propery to the grantee. The deed conveyed a large amount of property, mostly town lots, for a total sum of $289.25. This deed was acknowledged and was filed for record on the 5th of January, 1927. The tax deed was filed for record on the 19th of July, 1924.

A demurrer was filed in the court below specially setting up the fact that the action was barred by limitation as shown on the face of the petition, by reason of the short statute of limitations applicable to tax sales. The lower court, presided over by the Honorable James M. Hays, sustained the demurrer.

An attempt was made to amend the petition, and there was an allegation that on the 5th of January, 1927, plaintiff visited the property and demanded possession of the premises and possession was surrendered

to him, and believing that possession was complete, he was trying to rent the property when he learned that the defendant had placed somebody else in possession, and that he delayed action because of negotiations for settlement of the matter. A demurrer was interposed to this amended petition, and this demurrer was sustained on the 29th of October, 1928, and it is brought here with assignments of error as sustaining the demurrer to the original petition, and also as sustaining the demurrer to the amended petition.

Brief on behalf of the plaintiff in error is filed. In that brief the position of the attorney was stated as follows:

"The one question, and as I see it the only one, is, Does any statute of limitations run against the chairman of board of commissioners, holding land in trust acquired by the county through tax proceedings."

In black letter type is the following:

"Does Statute Run on Tax Deed to Commissioner?"

The argument is then made that the part of the act relied upon by the defendant was unconstitutional. Citations are made to show that the diversion of taxes from one purpose to another is void, and the argument is made that no lapse of time runs against the king, and that no lapse of time runs against the state. The statement is further made that the case of Callender v. Brickner, 97 Okla. 37, 222 Pac. 531, was a case upon which the trial court decided this case. The statement is made that in that case the court held that the deed from the chairman of the commissioners was what started the statute, and that he was willing to be bound by that case, but did not think it controlled, in any angle, this case, because there was no special statute on resale and because proceeds were not applied to same.

The reply brief in this case sets out the contention made in the court below, and here made, to the effect that section 9753, C. O. S. 1921, as follows:

"9753. Limitation of action to recover land. No action shall be commenced by the holder of the tax deed or the former owner or owners of land by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed, not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the party commencing such action"

—has been construed many times by this court, and the court had held that it applied to the case of any one suing under a tax deed. Among other cases cited is Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, and the case of Callender v. Brickner, supra. In the latter case there was inaccuracy of statement, both as regards to dates and deeds. The one year had elapsed from the date of the tax deed to the county and the date of the deed made by the county. The court held that the provision of 7419, Rev. Laws 1910, which is practically the same as the provisions of the statute quoted above, applied, and held the action was brought too late. It is clear that the court had in mind the tax deed, as distinguished from the county's deed.

The case of Clark v. Duncanson, referred to above, is explicit and refers to the tax deed. The statute refers to the tax deed in prescribing limitation. There is nothing in the limitation, quoted above, making an exception in favor of anybody. It simply prescribes that when title is deraigned through it, one year is the limit for bringing action. Some question was raised, incidentally, however, in the briefs about the statute of limitation running at all in the event of the deed being made by the treasurer to the county. No mention is made of that, however, in the opinion and the authorities are so overwhelming upon the proposition that the position is not tenable.

There is set out in the brief of the defendant in error a list of cases concerning the statute of limitations as applied to a county, and among others is one from this court, the case of Board of County Commissioners of Woodward County v. Willett, 49 Okla. 254, 152 Pac. 365. The case of Shelton v. State ex rel. Caldwell, Co. Atty., 62 Okla. 105, 162 Pac. 224, is a case in which the general statutes were made applicable to a county. However, in the present case, the statute of limitation is a special one. It makes no exception, and it only describes the one deed, to wit, the tax deed, and it prescribes that no action shall be maintained a year after it is recorded.

Such being the case, not even the attorneys for the plaintiff in error insisted upon the county commissioners' deed being the tax deed. It seems to me that it is going a very long way to add a clause to the statute that is not there and thus make the statute of limitations, that is made with reference to the deed made by the treasurer of the county, read as though it excepted that kind of a deed, and make it read as referring to the deed made by the commis-

sioners conveying the property, vested in the county, to an outsider.

The defendant in error also cites in his brief a portion of the 37th Corpus Juris, holding that if the county were immune, a grantee of the county would not be. However, there does not seem to be any room to transform the plain meaning of the statute and to make a tax deed the same as a deed from the county in its private capacity, as is done in the opinion of the majority in this case.

The Supreme Court of the United States, with reference to limitation statutes, holds squarely that the county is bound by the limitation statute equally with an individual. See the case of Metropolitan Railroad Co. v. District of Columbia, decided by the Supreme Court of the United States and reported in the 33 L. Ed. 231.

The Legislature did not see fit to make any exception in favor of anybody as to the operation of the statute of limitation. It undoubtedly was made for the purpose of expediting matters and getting the property back on the tax roll as soon as possible, with a title that would be held cured by limitation, and if the one who had gotten the title did not see fit to bother with it, it was for the express purpose of quieting the title of the man who owned the property.

Evidently section 9746, as amended by the Act of 1923, changed the statute from six months for an action to avoid or set the deed aside to twelve months, while section 9753 allowed twelve months for the purchaser to begin his action. When one reflects that under section 7411, R. L. 1910, as amended, now Comp. St. 1921, sec. 9745, as amended by Laws, 1923, c. 158, sec. 5), the land is withdrawn from assessment for ad valorem taxes from the time the deed is made to the county and until it gets into private hands, it is clear that the Legislature intended that there should be expedition about the collection of taxes and the determination of tax titles under resale deeds.

It is further equally clear that, when the Legislature did not see fit to make any exception in favor of the county or any other holder, so far as the limitation law was concerned, this court cannot do so. It is further clear that when the statute of limitation itself fixed the period when it started as being the date of the recording of the tax deed, this court cannot substitute for that the date of the recording of the deed from the county to the private purchaser.

I see no reason for this reversal. I think it will be embarrassing in the future to this court and the due administration of our tax laws. I therefore register this dissent.