## MORTON v. MOORE.

No. 20299. Opinion Filed July 14, 1931.

George T. Bonstein, for plaintiff in error.

R. B. F. Hummer, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Okmulgee county by plaintiff in error herein, Walter W. Morton, against defendant in error herein, Ed H. Moore. The parties will be referred to as they appeared in the trial court.

Plaintiff, Walter W. Morton, alleged he was the owner of and entitled to the possession of the real property described in petition, and acquired title thereto by tax deed, and attached as exhibits resale deed from county treasurer to chairman of board of county commissioners, and deed from chairman of board of county commissioners to himself. Alleged defendant was claiming some right, title, or interest in and to said property, and said claim is a cloud on plaintiff's title. Prayed for judgment for possession and defendant be enjoined from claiming any interest therein.

Demurrer of defendant to plaintiff's petition was sustained; and plaintiff filed by permission of the court amended petition and incorporated the original petition and exhibits with his amended petition, and further stated that he had inspected said lands, and that it consisted mostly of a creek bank, and was not enclosed by fence, and that no one lived or resided on any part of the land, and that he took possession of said premises on the 5th day of January, 1927, by taking persimmons and nuts from said lands and placing signs thereon, and placing said lands in the hands of an agent and taking the rents and profits from the land. And that, in December, 1927, defendant was claiming possession thereof. Prayed for possession and quieting of his title; demurred to amended petition on the grounds did not state facts sufficient to constitute cause of action; and shows on its face that the alleged cause of action is barred by statute of limitations. Demurrer was sustained.

Plaintiff elected to stand on amended petition. On motion of defendant, plaintiff's petition and amended petition and the action were dismissed. And plaintiff brings the cause here for review by transcript.

The resale tax deed from the county treasurer to the chairman of the board of county commissioners was recorded on the 20th day of August, 1926.

The county deed from the chairman of the board of county commissioners to plaintiff in error, Walter W. Morton, was executed on the 21st day of December, 1926, and recorded on the 5th day of January, 1927.

The petition in this cause was filed on the 3rd day of January, 1928, and no contention is made but what this action was commenced within one year from the recording of the deed to plaintiff.

Section 9745, C. O. S. 1921, as amended by chapter 158, Sess. Laws 1923, reads in part as follows:

"* * * In case no bidder offers or bids the amount due upon any tract of real estate other than the lots located in any city or town, as above provided and offered for sale, the county treasurer shall bid off the same in the name of the county for the amount of taxes, penalties, interest and cost due thereon and shall issue a deed therefor in the name of the chairman of the board of county commissioners, * * * provided, that in no event shall the county be liable to the state or any taxing district thereof for any part of the amount for which any property may be sold. Any property acquired by the county under the provisions of this section may be sold by the treasurer at such price as may after notice by publication be approved by the board of county commissioners. * * *"

Section 9746, C. O. S. 1921, as amended by chapter 158, Sess. Laws 1923, provides in part as follows:

"* * * And twelve (12) months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set aside said deed, except as to infants, idiots, and insane persons or other persons under legal disability. * * *"

Section 9753, C. O. S. 1921, provides:

"No action shall be commenced by the holder of the tax deed or the former owner or owners of land by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed not until all taxes, interest, and

penalties, costs, and expenses shall be paid or tendered by the party commencing such action."

On a review of the record and the law applicable thereto, we hold the statute of limitations commenced to run on the recording of the deed from the chairman of the board of county commissioners to the plaintiff in error herein, which was on the 5th day of January, 1927, and the suit being filed on the 3rd day of January, 1928, and no contention being made but what the original petition of plaintiff was filed and suit commenced herein within one year from the recording of said deed, that the statute of limitations had not become complete on the filing of this action.

The amended petition filed herein after the statute of limitations had become complete not stating a new or different cause or action and not changing substantially the plaintiff's claim, we hold that the amended petition related back to the filing of the original petition, and the action was not barred by the statute of limitations of one year, the original petition having been filed within the period prescribed by law.

In the case of United States Fire Insurance Co. v. Whitchurch, 138 Okla. 182, 280 Pac. 834, 1st paragraph of the syllabus, this court said:

"Where an original petition sought to recover on a fire insurance policy, and the same was not good as against a general demurrer, but set out the names of the parties, plaintiff and defendant, alleged the contract * * * attached a copy of said insurance policy to the petition and made it a part thereof * * * and after the statute of limitations has become complete, an amended petition was filed which did not state a new or different cause of action and did not change substantially the plaintiff's claim, it is but the perfection of the imperfect statement of the cause of action originally stated. Held, the amended petition relates back to the filing of the original petition and the action was not barred by the statute of limitations of one year."

The demurrer of defendant to the amended petition of plaintiff admitted the truth of all the facts well pleaded in the petition, and the petition must be liberally construed in favor of the pleader, and plaintiff in error's original action not being barred by the statute of limitations, and the amended petition filed after the statute of limitations had become complete, for the reasons heretofore stated, related back to the date of the filing of the original petition, the demurrer should have been overruled.

We, therefore, hold that the trial court erred in sustaining the demurrer in this cause, and therefore the judgment of the trial court is reversed, and said cause remanded to the district court of Okmulgee county, with directions to overrule the demurrer.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents.

---

KORNEGAY, J. (dissenting). This case comes from the district court of Okmulgee county, the Honorable James H. Hays being judge. It is similar in some of its aspects to case No. 20298, the plaintiff being the same but the defendant being different, and the tax deed relied on in this case being somewhat similar to the tax deed relied on in the other case, but being made on a different sale and a different date, this being acknowledged on the 22nd of April, 1926, and filed in the office of county clerk on the 20th of August, 1926. The county deed, conveying the property to the plaintiff, conveyed a great many lots, and was acknowledged on the 21st of December, 1926, and filed for record on the 5th of January, 1927.

The suit was filed on the 3rd of January, 1928. It will be observed that the suit was filed about a year and five months after the tax deed was filed for record. The statute of limitations prescribes that, unless the action is brought within one year after the tax deed is filed, there can be no recovery.

An opinion has been rendered by the majority in this case, holding that the statute of limitations runs from the date of the recording of the deed made by the county commissioners to the plaintiff, instead of from the date of the recording of the tax deed. The statute of limitations does not so say, but is emphatic that the time begins to run from the date of the recording of the tax deed. Had this court undertaken to have reviewed the proposition of the statute of limitations not running while it was in the hands of the county, perhaps something possibly might have been found in the opinion justifying this date, though it would have been a very poor reason for so holding, as the decisions that are cited in the brief of the defendant in error in this case are examined.

Scarcely, however, does the plaintiff in error contend for what the court decides here. His contention is set out at page 9 of his brief, and he contends that the 15-year statute is the only applicable one, and that no limitations run against the county, complaining of the court's ruling below, because it so held. The contention is then

made that the resale act is unconstitutional in that it lets the county have the proceeds instead of part going to the state. It goes further, and says that the treasurer's power to sell is dependent on valid levies, and that a sale certificate to the county was not a sale and no money was paid by the county for it, and winds up with the proposition that the county holds in trust for the state in its sovereign right to collect tax. Some reference is made to Callander v. Brickner, 97 Okla. 37, 222 Pac. 531, and the deduction is made therefrom that the deed to the commissioners in the present case is the deed to the treasurer in that case.

By referring to the law of 1915, it appears that by an act approved February 24, 1915, Session Laws of 1915, chapter 47, the tax deed went to the county treasurer for the use and benefit of the county, and the title became invested in the county treasurer and his successors in office for the use and benefit of the county. There was a proviso that any time after the title became vested in the county treasurer, the county treasurer, with the approval of the county commissioners, could sell at private sale. It thus is seen that not even the plaintiff in error is contending for what is held by the court.

A review of the position of the defendant in error, as shown in his brief, shows that he attacked the tax deed as being void on its face, and cites Felt v. Schaub, 134 Okla. 193, 272 Pac. 830, as proof of it. He contends that the only statute of limitation applicable is 9753, which, of course, refers to the recording of the tax deed, and has no reference whatever to the deed made by the commissioners to the buyer.

The case of Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, and the case of Callender v. Brickner, supra, are cited. Also, the case of Michie v. Haas, 134 Okla. 57, 272 Pac. 883. That case clearly holds that the one-year statute applies, and that the time of the beginning of the statute is the recording of the tax deed. The case of Callander v. Brickner is cited in that case. It overruled a lot of cases, and announced that the purpose of the resale was to replace the property where it will again bear its governmental share of taxation.

The brief of the defendant in error discusses very thoroughly the question of the statute of limitations not running while it is held by the county, and cites a great many cases that are unnoticed in the decision of the majority, holding that such was not the case in Oklahoma or elsewhere. Cases from Arkansas and Texas are among the list.

It thus appears that the idea of the statute of limitations being started in a tax resale from the time of the giving by the board of county commissioners of a deed, does not comport either with the statute or with previous decisions of the court, or any contentions of the lawyers connected with the case. This court ignored the question of limitations running while in the hands of the county, and jumped the chasm intervening between the time of the recording of the tax deed prescribed in the statutes, and held that the period described in the statute started from the date of the private deed by the county to the purchaser. There does not seem to be any foundation for this position under the statute or former decisions, or even the contentions of the litigants, but it is an entirely new creation produced by a failure to follow the statute.

The lower court, under these conditions, should not be reversed, in my opinion, and I therefore dissent.