### SCHUMAN v. PRICE et al.

No. 20644. Opinion Filed Nov. 17, 1931.

E. Jacobs, for plaintiff in error.

George C. Beidleman, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Okmulgee county. The suit started on the 4th of September, 1928. The petition sought the recovery of lot 2, block 1, in the town of Okmulgee. Reliance was made in the first instance upon a county deed, executed by the chairman of /the board of county commissioners, conveying the land to the plaintiff.

A motion to make more definite and certain was filed, and an amended petition was filed, and in it reliance was placed, not only on the county deed, but on a tax deed to the county, as a source of title. The date of the resale tax deed to the county was May 26, 1927, and the date of its acknowledgment was the 26th day of May, 1927, and the date of its filing for record was the 27th day of May, 1927. The county deed, relied upon, was dated the 18th of July, 1927, and was acknowledged on the same day and was filed for record on the 8th of September, 1927.

The amended petition contained the usual allegations as to ownership, and right of possession, and detention by the defendant, and set out the tax deed and the county deed as a foundation as a source of title, and carried two counts, one in ejectment and one to clear title, with a prayer for possession and rents and profits, and a clearing of title. There was a third cause in the petition setting up the amounts paid for the property to the county, and the amount of taxes and penalties and costs, with a prayer in the alternative for the fastening of this amount of taxes, penalties and costs upon the land in the event, from any reason, the tax deed and the resale deed should be held void, and also asking for a sale of the property and the application of proceeds to the amount of the taxes, and the balance be held subject to the orders of the court, and, in the event of a deficiency, for judgment against the defendants for all equitable relief and for quieting of title in the purchaser, and foreclosure of all rights of the defendants, if any.

To the amended petition, the defendant Rosa Price demurred, and specially relied upon section 9753, C. O. S. 1921, as being the law of limitations in the case of one year, and also that the facts stated were not sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. The demurrer was sustained as to the first and second paragraphs, and thereupon the third paragraph was dismissed, the plaintiff reserving an exception to the sustaining of the demurrer.

The plaintiff elected to stand on the first and second causes of action as pleaded, and refused to plead further, and the case was dismissed, and the plaintiff excepted and

gave notice of intention to appeal, and the case is here by assignment of error. As conceded by the defendants in error, the only question is whether the one-year statute of limitations prescribed by section 9753, C. O. S. 1921, is applicable in this case, and, as claimed by the plaintiff in error, there are two questions, one being upon the proposition of making the complaint more definite and certain. However, with reference to that, the usual rule is that it is discretionary with the court about making a petition more definite and certain, and where the party does so, it is hardly a matter for review, as he is presumed to plead the truth. The second proposition goes to the question as to whether or not this action was brought in time. The authorities cited by the plaintiff in error upon the questions involved are: McGrath v. Rorem, 123 Okla. 163, 252 P. 418; Shaffer v. Marshall (Iowa) 218 N. W. 292; Wilson v. Korte (Wash.) 157 P. 47; Creek County v. Robinson, 114 Okla. 163, 245 P. 584, In re Ogilvie's Estate (Pa.) 139 Atl. 826; Muskogee Times-Democrat v. Board of County Com'rs of Muskogee Co., 76 Okla. 188, 184 P. 591; Cochran v. Sullivan, 94 Okla. 23, 220 P. 870; Board of Com'rs of Creek Co. v. Alexander, 58 Okla. 128, 159 P. 311; Campbell v. McGrath, 117 Okla. 126, 245 P. 634; City of Tulsa v. Edwards, 111 Okla. 251, 239 P. 572; Smith v. Bostaph, 103 Okla. 258, 229 P. 1039; Gulager v. Coon, 93 Okla. 62, 218 P. 701; Pierce v. Barrett, 93 Okla. 283, 220 P. 652; Adams v. Lockridge Grain Co., 100 Okla. 215, 229 P. 252; Adams v. McKinney's Heirs, 98 Okla. 144, 224 P. 692; Wolfe v. Brooke, 133 Okla. 128, 271 P. 669; Michie v. Haas, 134 Okla. 57, 272 P. 883; Coday v. Allison, 136 Okla. 8, 275 P. 1060, Callender v. Brickner, 97 Okla. 37, 222 P. 531; Ledegar v. Bockoven, 77 Okla. 58, 185 P. 1097; State ex rel. Freeling, Atty. Gen., v. Smith, 77 Okla. 277, 188 P. 96; White v. State ex rel. Atty. Gen., 94 Okla. 7, 220 P. 624; Colver v. Miller (Kan.) 272 P. 106; White v. State, 50 Okla. 97, 150 P. 716; Webster v. Morris, Co. Treas., 129 Okla. 145, 264 P. 190; McKenzie v. Hill County (Tex. Civ. App.) 263 S. W. 1073; Dallas Co. Levee Improvement Dist. No. 6 v. Curtis (Tex. Civ. App.) 287 S. W. 301; 37 Cyc. 1355; and Warner v. Pile (Kan.) 185 P. 1041.

The authorities cited on behalf of the defendants in error in the brief are: Callender v. Brickner, 97 Okla. 37, 222 P. 531; Bd. of County Com'rs of Woodward Co. v. Willet, 49 Okla. 254, 152 P. 365; Sims v. Craig, Co. Treas., (Ark.) 286 S. W. 867; People v. Van Ness, 76 Cal. 121, 18 P. 139; State ex rel. Bd. of Co. Com'rs of Fountain Co. v. Stuart, 46 Ind. App. 611, 91 N. E. 613; People for the Use of Knox Co. v. Davis, 157 Ill. App. 440; and Lind v. Stubblefield, 138 Okla. 281, 282 P. 365.

A great many of these authorities are upon the proposition of construction of statutes, and whether or not the latter expressions of the Legislature shall prevail over the earlier ones, and as to how far application is made of particular provisions to new situations. The questions at issue are rather difficult from the standpoint of some of the decisions, but, as viewed from the standpoint of examining the statutes, are less difficult. An examination of the statutes convinces us that the one-year statute relied on does not bar in this case.

When the Legislature saw fit to provide for these deeds and the county's acquisition of the land and cancellation of all taxes, it saw fit to provide no special statute of limitations with reference to deeds made to the county. The county, of course, after acquiring the property, holds it for the purpose of selling it after a certain procedure and applying the proceeds to the school fund.

It will be further observed that the county, in the case of a resale deed that is made to it, where property has been advertised twice and did not bring enough to pay the taxes, receives the land in its governmental capacity. Its duty is, through its officers, to sell it to the best advantage, thereby restoring it to the tax list, and use the fund for the benefit of the common schools. This, of course, is a state function. The usual rule is that, in a case of this kind, the general statute of limitations applies, unless a special statute is provided. As applied to this case, it is clear that the Legislature has not seen fit to make the statute of limitations run during the time it is held by the county. After the county sells it and deed is recorded, the statute of limitations would start, but as to whether the short statute is applicable to this case would make no difference, as within the year after the deed was recorded the party brought action to recover the land. It is not necessary at this time to determine as to whether or not the one-year statute is applicable at all.

The case is reversed, with directions to proceed in accordance with this opinion, and to overrule the demurrer and let the defendant put in any defense she may have.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., concurs in conclusion.