**LIBERTY NATIONAL BANK v. COUNTY EXCISE BD. OF JEFFERSON COUNTY et al.**

No. 26122.   Oct. 8, 1935.

Rehearing Denied Dec. 10, 1935.

Everest, McKenzie & Gibbens, for plaintiff in error.

Wayne Sanders, Co. Atty., Guy Green, and E. B. Anderson for defendants in error.

CORN, J. This action was commenced in the district court of Jefferson county by the Liberty National Bank of Oklahoma City, a corporation, as plaintiff, against the county excise board of Jefferson county, seeking a writ of mandamus to compel said board to levy a tax for the city of Waurika, for the fiscal year 1934-1935, sufficient to raise the sum of $1,067.05 for the purpose of paying the annual paving bond assessment against certain real property owned by the city in paving district No. 4. P. F. Dawson, W. H. Gresham, and Guy Green, taxpayers of said city, filed a petition of intervention setting up as a defense to said action that at the time the paving was contracted for the city of Waurika had no funds on hand which could lawfully be used for the purpose of paying for said paving, nor was the question of entering into a contract for said paving submitted to the taxpayers of said city in an election called for that purpose, and that said contract incurring said indebtedness was not authorized by the voters of said city, and that the making of said contract whereby the revenues of said city were pledged for a period of ten years was in violation of section 26, article 10, of the Constitution of Oklahoma; and further alleging that the plaintiff's action was brought out of time, the protest period for tax levies having expired and the tax levies for said county and all its political subdivisions having become final for said fiscal year. The county excise board defended upon the same grounds.

It appears that the city of Waurika owned less than 30 per cent. of the property in the paving district; that the paving proceedings were initiated by a resolution of the city council; and that no protest thereto was filed by any of the individual property owners in the district.

Section 26, article 10, supra, relied upon by defendants, is as follows:

"No * * * city * * * of the state shall be allowed to become indebted in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose. * * *"

They contend that the bonds are not a valid obligation against the municipality for the reason that said bonds were not approved by the voters of the city as provided by said section of the Constitution, the issuance of the bond not having been submitted to the vote of the qualified electors of the city.

The plaintiff contends that section 26, supra, does not apply to this case; that the right of the city to construct said paving and to issue bonds therefor is expressly authorized by section 7, article 10, of the state Constitution, which provides as follows:

"The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to a cash valuation."

In the case of Hume v. Wyand, 68 Okla. 261, 173 P. 813, this court held that section 26, supra, does not apply to liabilities which are not voluntarily incurred, but are imposed upon the municipality by the sovereign power as expressed in the Constitution and valid acts of the Legislature.

This rule was recognized in the case of City of Lawton v. Morford, 140 Okla. 222, 293 P. 1068, but owing to the fact that the municipality owned more than 50 per cent. of the property in the proposed paving district, and the minority property owners were without power to prevent the paving by protest, the action of the city was voluntary and was prohibited under section 26, article 10, of the Constitution.

In the case of Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. (2d) 94,

Mr. Justice Swindall, speaking for this court, stated the rule applicable to the construction of these two apparently conflicting sections of our Constitution concisely as follows:

"Under our statutes a city has not a general power to contract for paving, such right being vested in the owners of the assessable property; if the city owns more than one-half of it, it being necessary for the project to be approved by three-fifths of the voters voting at an election called for the purpose in compliance with section 26 of art. 10 of the Constitution. City of Lawton v. Morford, 146 Okla. 222, 293 P. 1068. The project is considered involuntary as to the city where it owns less than one-half of the land, and if private owners own more than the one-half of the land, they have power by their protest to stop a project initiated by the mayor and council, and the mayor and council are required to cause the improvement to be made upon petition of owners of more than one-half of the assessable property. Sections 4591 and 4592, C. O. S. 1921."

The mere fact that the city council of the city of Waurika initiated the proceedings by resolution, where the city owned less than 50 per cent. of the property benefited, and other property owners having the power to stop the proceedings by protest, in our opinion, does not characterize this as a voluntary incurring of the obligation within the meaning of the law.

It appears that the city council included the annual assessment in its budget as required by the statute, but the county excise board disallowed and struck the same from the budget. This act of the excise board was arbitrary and capricious, and was in excess of its authority and was an abuse of its discretion, especially where the paving bonds had not been declared invalid by the judgment of a court of competent jurisdiction.

The judgment of the trial court does not state the ground or grounds upon which the writ was denied, but it appears that the case was not heard in the court below until January 5, 1935, at which time the tax levies had become final and had been entered upon the tax rolls and doubtless some of the taxes had been paid, and under these conditions it was within the discretion of the trial court to deny the writ, because of the great confusion that would inevitably result in the fiscal affairs of the city of Waurika and of Jefferson county to disturb the tax rolls at such time.

A writ of mandamus will not lie where its issuance would work injustice or introduce confusion and disorder. Webster v. Morris, 129 Okla. 145, 264 P. 190; Board of Ed. of Guthrie v. Excise Board of Logan County, 86 Okla. 24, 206 P. 517.

But the issues involved in this case are of great public interest and of vital importance to the proper administration of the fiscal affairs of the city of Waurika, and as it will be necessary that a sufficient tax levy be made from year to year until the paving bonds are paid, we deem it advisable to decide the case upon its merits.

For the foregoing reason, the judgment of the trial court denying the writ is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.