The office of the Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following six questions: (1) Is State Election Board Administrative Rule 1-8 valid? (2) Does a county election board secretary who was appointed and serving full-time prior to the effective date of 26 O.S. 2-118 [26-2-118] (1978), as amended, have to file a new election notice with the Secretary of the State Election Board designating full-time status or does he/she continue to serve in a full-time capacity by virtue of his/her previous full-time designation? (3) Does the county excise board or the board of county commissioners pursuant to their "budgetary responsibilities" have the authority to "deem" a county election board secretary a part-time officer for salary purposes where the election board secretary did not file a new election notice of full-time status after the effective date of 26 O.S. 2-118 [26-2-118] (1978), as amended? (4) Does the county excise board or the board of county com missioners pursuant to their "budgetary responsibilities" have the authority to participate in the determination of the number of employees necessary for the county election board to perform its duties under the law? (5) What officer or officers make the determination of the number of employees necessary for the county election board to perform its duties under the law? (6) Is the chief clerk in counties having less than 17,500 registered voters in the category of employees necessary for the county election board to perform its duties under the law? The above questions will be answered in order. At the outset, it should be noted that an analysis of the appropriation and funding responsibilities of the county excise board vis a vis the county election board will be necessary to fully answer the questions you have submitted. Title 26 O.S. 2-107 [26-2-107] (1978) vests in the Secretary of the State Election Board the authority to promulgate, repeal or modify such rules and regulations as he deems necessary to facilitate and carry out the state and federal election laws. The rules and regulations promulgated by the Secretary of the State Election Board to become effective must be adopted by the State Election Board pursuant to the provisions of the Administrative Procedures Act 75 O.S. 301 [75-301] et seq. (1978) . Therefore, the State Election Board has the statutory authority to adopt rules and regulations necessary to facilitate and carry out the election laws. Prior to the 1978 amendment, 26 O.S. 2-118 [26-2-118] (1978) provided in part, as follows: ". . . Unless the secretary of a county election board files a written notice with the Secretary of the State Election Board to become a full-time secretary, his salary shall be seventy-five percent (75%) of the scheduled salary; provided, that said secretary of the county election board shall have a continuing option in this regard." Emphasis added The 1978 amendment to 26 O.S. 2-118 [26-2-118], inter alia, deleted the above underscored proviso. The applicable portion of 26 O.S. 2-118 [26-2-118], as amended, provides: ". . . Unless the secretary of a county election board files a written notice with the Secretary of the State Election Board to become a full-time secretary, his salary shall be seventy-five percent (75%) of the scheduled salary with the contributions of the state and county being reduced equally if the secretary elects to be a part-time employee." 26 O.S. 2-118 [26-2-118], as amended, is clear and unambiguous. Unless a newly appointed secretary of a county election board files written notice with the Secretary of the State Election Board to be a full-time officer he/she is ipso facto a part-time officer and is paid seventy-five percent (75%) of the scheduled salary of a full-time secretary. In this regard, the state election board has adopted the following administrative rule: When a new Secretary is appointed, he will be furnished a form on which to designate whether he desires to be a full-time or part-time Secretary. The option chosen by the Secretary at that time will remain in effect until written notice is given by the Secretary to the State Election Board that he desires to change his status. Any such change will not become effective until the next July 1, following submission of the written notice, and will remain in effect for at least one fiscal year. Rule 1-8, State Election Board. The above rule has been duly promulgated and enacted by the State Election Board pursuant to 26 O.S. 2-107 [26-2-107] (1978) and implements 26 O.S. 2-118 [26-2-118], as amended, and is in all respects valid. The legislative intent of 26 O.S. 2-118 [26-2-118], as amended, is obvious. 26 O.S. 2-118 [26-2-118] and the implementing rule of the State Election Board permits the State Election Board and the county excise boards to accurately appropriate and budget funds necessary to pay the salary of the seventy-seven separate county election board secretaries with certainty by restricting a change in designated status to a fiscal year basis and requiring that that status remain in effect for at least one full year. Title 26 O.S. 2-118 [26-2-118] (1978), as amended, became effective July 1, 1978. A county election board secretary serving at the time of the effective date of 26 O.S. 2-118 [26-2-118], as amended, continues to serve in the status (full-time or part-time) previously designated until written notice changing that status is given the Secretary of the State Election Board pursuant to Rule 1-8, supra. The amendment is to be interpreted prospectively and does not require a county election board secretary serving at the time of its effective date to file a new election notice with the Secretary of the State Election Board. The amendment is procedural only and election board secretaries serving on the effective date of the amendment continue to serve at the will of the State Election Board under their previous full-time or part-time designation without interruption. The secretaries of the county election boards are appointed under the authority of 26 O.S. 2-112 [26-2-112] (1978) by the State Election Board. Secretaries of county election boards are paid an annual salary based on the number of registered voters within the county. One-half of the secretary's salary is paid from state funds and one-half from county funds. 26 O.S. 2-118 [26-2-118] (1978). A county election board secretary, even though appointed by a state entity and partially compensated by state money, is a county officer. Attorney General Opinion No. 77-104. The duties of a county election board secretary are set forth in 26 O.S. 2-117 [26-2-117] (1978), as follows, in part: "26 O.S. 2-117 [26-2-117]. SECRETARY'S DUTIES — APPOINTMENT OF ASSISTANT SECRETARY AND CHIEF CLERK — COMPENSATION. — The secretary of the county election board shall be the administrative officer of the county election board . . . In counties having fewer than seventeen thousand five hundred (17,500) registered voters, the secretary shall employ a chief clerk and such other employees as are necessary to perform the duties of the county election board. The secretary shall be charged with the operational responsibilities of the board, including, but not limited to, supervision, defining positions and responsibilities of the employees, preparation of the annual budget, preparation and filing of all reports, and the implementation of policy, findings and actions lawfully prescribed or determined by the county election board. . . . The minimum salary of the chief clerk shall be equal to one-half (1/2) of the salary of the highest salaried first or chief deputy or assistant to any county officer in the same county or ninety percent (90%) of the scheduled salary of a full-time secretary in the same county, whichever is lower. . . . The salaries of the assistant secretary, chief clerk and other personnel shall be paid from county funds on a monthly basis." Emphasis added The board of county commissioners has no authority to determine the number of employees necessary to perform the duties of the county election board. The provisions of 26 O.S. 2-117 [26-2-117] (1978) vest that determination in the exclusive province of the election board secretary as the administrative officer of the board. The statute is clear and unambiguous in that regard. Nor does the county excise board have the authority to determine the number of employees necessary to perform the duties of the county election board. The county excise board has the responsibility of appropriating funds necessary for the county election board to fulfill its duties. Indeed, the county excise board is under a statutory mandate in this regard: "26 O.S. 2-119 [26-2-119]. APPROPRIATIONS TO COUNTY ELECTION BOARDS. — In addition to the salary paid the secretary and assistant secretary or chief clerk, it shall be the mandatory duty of the county excise board to appropriate annually adequate funds for the operating expenses of the county election board in the discharge of its duties and responsibilities." Emphasis added Title 26 O.S. 2-119 [26-2-119] (1978). The county excise board must exercise this responsibility in good faith. The county excise board has a duty to appropriate total taxes for all purposes as it may see fit, so long as it does not act arbitrarily. City of Ardmore, v. Excise Board of Carter County, Okl., 197 P.2d 961
(1948). The county excise board is not authorized to refuse to make appropriations required by law to be made. Excise Board of Creek County v. State ex rel. Kissick, 105, Okl. 102, 231 P. 862 (1924). The Supreme Court of Oklahoma has stated: It cannot be said that it was ever intended that the excise board should have authority to refuse to make an appropriation for the salary of a county attorney in the amount fixed by law. To give the Act that construction would be to give the created board the authority to defeat legislative provisions. . . . . . If the authority for the expenditure estimated to be needed exists, the discretion as to whether or not it should be made is with the local governing body and that discretion is not subject to the discretion of the excise board. . ." City of Ardmore v. Excise Board of Carter County, 155 Okl. 126, 8 P.2d 2
(1932). It is, therefore, clear that the county excise board has no authority to refuse to make an appropriation for the salary of the county election board secretary in the amount fixed by law. In addition, the state has a sovereign interest in the proper and adequate funding of its electoral processes and the discretion of the excise board is limited to determining the amount reasonably necessary for that purpose. Webster v. Morris, County Treasurer, 129 Okl. 145, 264 P. 190 (1928). Neither the board of county commissioners nor the county excise board has authority to "deem" an election board secretary part-time for salary purposes or dictate under the guise of "budget responsibilities" the number of employees necessary to perform the duties of the county election board under the law. In counties with less than 17,500 registered voters the election board secretary shall employ a chief clerk 26 O.S. 2-117 [26-2-117] (1978) and the county excise board has a mandatory duty to appropriate funds for the salary of the election board secretary and the chief clerk as well as to adequately appropriate funds for the operating expenses of the county election board. 26 O.S. 2-119 [26-2-119] (1978) Title 26 O.S. 2-117 [26-2-117] (1978), supra, sets forth the duties of the secretary of the county election board. The statute is clear, unambiguous and needs no statutory construction. Therefore, the employment of a chief clerk and such other employees as are necessary to perform the duties of the county election board are the exclusive province of the secretary of the county election board. Neither the county excise board nor the board of county commissioners have any authority to participate in determining the number of employees necessary to perform those duties notwithstanding their "budgetary responsibilities." The office of the chief clerk is designated by statute and unquestionably within the category of employees necessary to perform the duties of the county election board. 26 O.S. 2-117 [26-2-117] and 26 O.S. 2-119 [26-2-119] (1978). It is, therefore, the opinion of the Attorney General that your questions be answered in the following manner: (1) State Election Board Administrative Rule 1-8, supra, is in all respects valid. (2) A county election board secretary serving at the time of the effective date July 1, 1978 of 26 O.S. 2-118 [26-2-118] (1978), as amended, continues to serve in the same status as either a full-time or part-time secretary until he/she gives written notice to the Secretary of the State Election Board of his/her election to change that status pursuant to State Election Board Rule 1-8. (3) The county excise board and county commissioners have no authority to designate or "deem" a county election board secretary as a part-time officer for salary purposes regardless of whether the secretary was appointed prior to the amendment of 26 O.S. 2-118 [26-2-118] and regardless of whether the secretary filed a new election notice with the Secretary of the State Election Board after the effective date of 26 O.S. 2-118 [26-2-118], as amended. It is the mandatory duty of the county excise board to appropriate adequate funds for the operating expenses of the county election board, duties, including adequate funds to pay the county's portion of the secretary's salary. (4) The county excise board and the board of county commissioners are without authority to participate in determining the number of employees necessary to perform the duties of the county election board and cannot use the guise of "budgetary responsibilities" to do indirectly what they cannot do directly. And, (5) the chief clerk in counties having less than 17,500 registered voters is a statutory office and unquestionably within the category of employees necessary to perform the duties of the county election board. (BARRY ALBERT) (ksg)